### In re Estate of Fanny Toman et al., Minors.

1. GUARDIAN AND WARD—*Guardian a Trustee of Ward's Property.* —A guardian of a minor is a trustee of his property for his benefit and is chargeable as such.

2. SAME—*What is a Sufficient Accounting.*—Where a guardian refuses to account for money received in his capacity as guardian, a statement made out by him showing how his account with the wards stood, is sufficient.

Appeal from Probate.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 8, 1903. Rehearing denied October 26, 1903.

EDWARD U. FLIEHMANN, attorney for appellant.

No appearance by appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This cause was tried in the Circuit Court by the court, without a jury, by agreement, on appeal from the Probate Court. Appellant was the administrator of the deceased father of the appellees, and also guardian of appellees. It appears from the record that appellees' father left no property except a piece of real estate; that appellant filed his report as guardian and asked to be discharged, and that the minors protested, whereupon the following order was entered by the Probate Court:

" IN THE MATTER OF THE ESTATE OF )
    FANNY TOMAN ET AL., MINORS.    }

The above cause comes on to be heard upon the report of the guardian filed in lieu of his final account, and the protest of said minors objecting to the approval of said report and objecting to the discharge of said guardian, and the court having fully considered the report of said guardian filed herein and the protest of said minors, and having heard evidence in support of both said protest and report, finds:

That the said Matej Toman, guardian of the persons and estate of Fanny Toman and others, minors, realized through the sale of the property of said minors the sum of twenty-seven hundred dollars ($2,700), and that he has expended for taxes and other incidental charges and paid for the redemption in the foreclosure sale of said property the sum of thirteen hundred eighteen dollars ($1,318), which said amount is to be credited to him upon said twenty-seven hundred dollars ($2,700), leaving a balance due from said guardian to his wards of thirteen hundred eighty-two dollars, ($1,382), together with interest thereon from the twelfth (12th) day of November, 1890, at the rate of five (5) per cent per annum, which said amount the said guardian is hereby ordered and directed to pay and turn over to his wards within twenty (20) days from the date hereof.

From which said order the said guardian prays an appeal to the Circuit Court of Cook County, Illinois, which said appeal is hereby granted upon his filing a bond in the

In re Estate of Fanny Toman.

sum of two thousand dollars ($2,000) with two good and sufficient sureties, within twenty (20) days from this date."

It was stipulated in open court on the hearing of the appeal :

" That the property in question belonged to the father of the minors; that at the time of his death an incumbrance was due thereon of $467.80; that he left said minors, his only heirs at law; that Matej Toman was appointed guardian and administrator, and that he inventoried said property in both estates; that said property was improved and occupied by said minors as a homestead until July, 1889; that the said incumbrance was foreclosed, final decree finding $467.80 due; that same was sold by master to Frank Kaspar; that Anna Toman, wife of the guardian, took title by master's deed and took possession of said premises; that thereafter said Anna Toman sold the property to Frank Dvorak for $2,700."

There was evidence tending to prove that appellant borrowed the money to purchase the certificate of sale issued by the master in the foreclosure suit, and that he paid the money so borrowed from the proceeds of the sale to Dvorak.

There was also put in evidence a statement of account of appellant with the minors, made out by appellant, which statement is as follows :

" Matej Toman in account with the estate of Matous Toman.

Debtor.

| | | |
|---|---:|---:|
| To amount paid for redemption of taxes of 1888................................ | $ 22 | 98 |
| To amount paid for redemption of taxes of 1889................................ | 22 | 59 |
| To amount paid for redemption of taxes of 1890................................ | 23 | 80 |
| To amount paid for redemption of taxes of 1891................................ | 34 | 03 |
| To taxes of 1892.................... | 20 | 77 |
| To taxes and water taxes of 1893 (paid to Frank Dvorak)................. | 58 | 85 |
| To paid for painting sign............ | 4 | 00 |
| To abstract, Handy & Co., order No. 95409............................ | 110 | 00 |

To continuation of abstract paid Schintz    13 85
To funeral expenses, paid Frank Munsel    119 39
To paid Joseph Molitor, pastor......    7 50
To paid insurance on building, 1889...    15 00
To paid insurance on building, 1890...    15 00
To paid J. Smolik, services in Probate
   Court............................    15 00
To paid master's deed...............    6 00
To paid sewer builder, 1889.........    9 25
To paid scavenger, 1891.............    10 00
To paid plumber, 1891...............    8 00
To paid Theodore H. Schintz, making
   loan on property.................    26 35
To paid for redemption in foreclosure
   sale.............................    773 65
By cash received on sale of property..........$2,700 00
                                         _____
     Balance..............................$1,382 99 ''

It will be observed that after charging the estate with numerous items, including the amount " paid for redemption in foreclosure sale," he credits the estate with $2,700, leaving a balance due of $1,382.99.

There was other evidence, which we think it unnecessary to refer to. The court found for appellees and entered judgment in their favor and against appellant for $2,162.10, being the balance shown, with interest. We are of opinion that the evidence sustains the judgment of the court.

Appellant, as guardian of the minors, was a trustee of the property for their benefit, and chargeable as such (Bond v. Lockwood, 33 Ill. 212; In re William Steele, 65 Ill. 322), and must be held to have dealt with the property for the benefit of his wards. The evidence shows that although the certificate of sale was purchased in his wife's name, it was purchased with his money, and the fact that the conveyance by the master was made to the wife can not affect the substance of the transaction. It is significant that appellant did not testify on the trial, or attempt to explain the assignment to his wife of the certificate of sale, and the subsequent conveyance to her.

No exception was preserved to any ruling of the court on

evidence, or to any ruling whatever, except the following may be deemed an exception:

" Mr. Fliehmann: If the court finds against us and orders us to go on with the accounting—

The Court: The accounting is already made.

Mr. Fliehmann: We say no.

The Court: You say no, and I say yes. He admits he got $2,700. Up to this time he has refused to account as guardian. Now the court finds he got $2,700, and that is the money he must account for.

Mr. Fliehmann: We want, Your Honor, to make the offer and you can overrule it. The court holds that we can not account in this court.

The Court: No, I hold that you have accounted.

Mr. Fliehmann: Well, we will take an exception to that."

(To which ruling of the court in denying an accounting the guardian, by his counsel, then and there duly excepted.)

We agree with the court that the appellant's statement of account sufficiently showed how his account with appellees stood. If there was any mistake in it, or if any proper charge against the estate was not included in it, it would have been competent for appellant to so prove, but he offered no such proof.

The judgment will be affirmed.