## In re Estate of John A. Rippel, Deceased.
## Edward B. Witwer, Executor, Appellant, v. Mary W. Ruth and Mignon Ruth Krakower, Guardians, Appellees.

### Gen. No. 25,052.

1. EXECUTORS AND ADMINISTRATORS, § 319*—*what is preferred claim against attorney's estate.* Property belonging to a minor received by an attorney under authority of an order of a foreign court entered in the estate of a minor, and while acting in the place of the nonresident guardians, was received in trust for the minor, and in converting the property to his own use the attorney was guilty of a breach of that trust, and the debt against the estate of such attorney was a fiduciary debt, and allowable as a preferred debt in the administration of such attorney's estate.

2. EXECUTORS AND ADMINISTRATORS, § 326*—*when claim against attorney's estate allowable as one of sixth class.* A claim against the estate of an attorney who had received money of a minor pursuant to order of a foreign court, and while acting in the place of the nonresident guardians, was properly allowed by the Circuit Court as a claim of the sixth class, as money received in trust.

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed June 16, 1919.

JOSEPH G. SHELDON, for appellant.

WILLIAM B. JARVIS, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The amount of the claim against the estate of decedent involved in this litigation is not in dispute. The Probate Court allowed the claim as of the seventh class; upon appeal the Circuit Court allowed the claim as of the sixth class and the cause is here for review upon the appeal of the executor, contending, as he

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

does, that the claim should have been allowed as of the seventh class and that it was error for the Circuit Court to allow it as of the sixth class.

The cause was tried without the intervention of a jury by the agreement of the parties upon a stipulation as to the facts. The principal facts appearing from the stipulation are that Robert Kenneth Street was a minor and a nonresident of this State, and that he lived in Baker county in the State of Oregon; that he was an heir of Robert R. Street, deceased, and entitled to a distributive portion of his estate, which was in the course of administration in the Probate Court of this county; that the County Court of Baker county, Oregon, appointed Mary W. Ruth and Mignon Ruth Krakower guardians of the estate of the minor Street; that the deceased John A. Rippel was in his lifetime a lawyer practicing his profession at the Chicago Bar; that on the 22nd day of December, 1914, the guardians of Street presented their petition to the County Court of Baker county in the matter of the estate of their ward, asking for leave to authorize the deceased Rippel to waive, on behalf of the minor, service of notice to the heirs of Robert R. Street, deceased, of a partial distribution of said estate in kind, and to receive that part of the assets of such estate due to said ward for and on behalf of his guardians, and an order in accord with said petition was entered by the court; that pursuant to such order the said Rippel presented his petition to the Probate Court of Cook county in the matter of the estate of Robert R. Street, asking that certain cash, notes and contracts comprising the distributive share of the minor Robert Kenneth Street in the estate of Robert R. Street, deceased, be delivered to him for the account of the guardians of said minor; that said petition of Rippel was granted and an order entered authorizing the administrator *de bonis non* to deliver the minor's

share of the estate of Robert R. Street, deceased, to said Rippel; that about June 30, 1915, the administrator did deliver cash and securities described in the petition to said Rippel, who gave his receipt therefor on behalf of the guardians of said ward; that Rippel, instead of sending the cash and securities to the guardians, less his lawful charges, which he should have done, converted the whole thereof to his own use, and that such conversion by said Rippel of the property of said ward was without the consent of either said ward or his guardians, and that such property was wrongfully appropriated and converted by said Rippel to his own use. It was also stipulated that the estate of Rippel, deceased, is insolvent and that the section of the statute under which the Circuit Court allowed the claim as of the sixth class reads: "Sixth. Where the deceased has received money in trust for any purpose, his executor or administrator shall pay out of his own estate the amount thus received and not accounted for." Counsel for the Rippel estate contends that this classification applied to "technical trusts only." This observation we are unable to fathom. Trusts arise from the relationship of the parties either expressed or by implication from such relationship.

The property received by Rippel belonged to the minor. It was received by him under authority of an order of the Oregon court entered in the estate of the minor. When Rippel received and receipted for the minor's property he was acting in the place of the nonresident guardians. He received the property for these guardians as trustee for the minor, and in converting the property to his own use he was guilty of a breach of that trust. It was said in *Taylor v. Mayo*, 110 U. S. 330:

"A trustee may be defined generally as a person in whom some estate, interest or power in or affecting property is vested for the benefit of another."

The Oregon court which appointed the guardians by another order authorized Rippel to receive the property belonging to the minor for the guardians. It was in virtue of the order of the Oregon court that the Probate Court of this county allowed the administrator to deliver the property of the minor to Rippel. We think under these circumstances Rippel was as much a trustee for the minor as were his guardians. They all acted under the authority of the orders of the same court. *In re Toman's Estate,* 110 Ill. App. 135, it was said:

"Appellant, as guardian of the minors, was a trustee of the property for their benefit, and chargeable as such    *    *    *    and must be held to have dealt with the property for the benefit of his wards."

When Rippel received the property of the minor from the administrator of his ancestor's estate, the title did not pass to Rippel but remained in the minor, and the appropriation of the property to Rippel's own use was a breach of trust. Rippel in acting for the minor's guardians must be treated and held to the same responsibility as such guardians; for as held in *Davis v. Harkness,* 6 Ill. 173, the debt against his estate must be treated as a fiduciary debt, and as a preferred debt in the administration of his estate.

The language of the Lord Chancellor in *Cary v. Bertie,* 2 Vern. 333, that "If a stranger enters and receives the profits of an infant's estate, he shall, in the consideration of this court, be looked upon as a trustee for the infant, and the like," is pertinent to the relationship borne by Rippel to the minor Robert Kenneth Street when he received the property of the minor from the administrator of his ancestor's estate. The property which Rippel received for the Street minor he received as trustee. It was in his hands trust property, and when he failed to deliver it to the lawfully constituted guardians of Street he was guilty of a breach of trust and of a conversion

of the trust property to his own use, contrary to law and his duty.

The Circuit Court in our opinion rightfully allowed the claim as of the sixth class, and its judgment is therefore affirmed.

*Affirmed.*