Mattie L. Guest, Appellee, v. Mathew H. Guest, Appellant, Lizzie Guest and Ada De Priest, Impleaded as Codefendants-Appellants.

Gen. No. 46,108.

Opinion filed June 18, 1953. Rehearing denied September 16, 1953. Released for publication September 16, 1953.

JOHN D. VOSNOS, and AUGUSTUS L. WILLIAMS, both of Chicago, for appellants; G. A. BOSOMBURG, and JOHN D. VOSNOS, both of Chicago, of counsel.

GALE L. MARCUS, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

On July 24, 1950 the plaintiff, Mattie L. Guest, was granted a decree of divorce in the superior court from her husband Mathew H. Guest, which required him to pay $10 per week for the support of their three minor

children. The parties entered into a property-settlement agreement, pursuant to which the decree vested in plaintiff title to the rear building at 6039 South State street, and both the land and the building at 6037 South State street, and gave to defendant the front building at the 6039 South State street address, which is the subject matter of this controversy.

One month after the entry of the decree, defendant, on August 26, 1950, by quitclaim deed, conveyed the property in question to his sister Lizzie Guest. Thereafter, on September 11, 1951, judgment was entered in the superior court in favor of plaintiff for the sum of $620.52 representing delinquent support money for the minor children, attorney's fees and certain advances made by plaintiff on behalf of defendant.

October 3, 1951 plaintiff filed a petition in the superior court setting out the foregoing facts and alleging that the judgment could not be satisfied because the property in question is "concealed in the name of his sister, Lizzie Guest"; that the conveyance was deliberately made by defendant to avoid the obligation of supporting the minor children and was a fraud upon creditors; that defendant derives an income from the property that cannot be reached by plaintiff unless the court sets aside the conveyance and enters an order charging the real estate with the obligation incurred; that the quitclaim deed was in fact a trust arrangement between defendant and his sister Lizzie Guest. Plaintiff asked that Lizzie Guest be made a party to the supplemental proceeding; and that the court award plaintiff additional sums as attorney's fees and such other relief as equity may require.

Lizzie Guest filed a special and limited appearance challenging the jurisdiction of the court to entertain the prayer of the petition which was filed about fifteen months after entry of the decree of divorce. She ad-

mitted the conveyance by quitclaim deed but averred that defendant over a long period of time had received the following considerations: $400 to purchase clothing and other necessities; free board and room; $10 weekly for medicine and hospital care; and the assumption by Lizzie Guest of the balance of the indebtedness of defendant for loans made on the property amounting to approximately $3,500. She asked that the petition be dismissed for want of equity and for want of jurisdiction.

In other pleadings plaintiff alleged that defendant was not competent to operate, manage or control the premises in question; that the property should be placed in trust for the benefit of the minor children, subject to the maintenance and support of defendant; and she asked that the court appoint a trustee to operate, maintain and control the property, and that an order be entered declaring the conveyance to Lizzie Guest as null and void or, in the alternative, to be an equitable mortgage.

It is undisputed that defendant has a coronary ailment and is nearly blind; that he lives on the property with his sister Lizzie Guest who cares for him; and there is no denial of the averments of Lizzie Guest's answer that she purchased clothing and other necessities for him, furnished him with free board and room, plus $10 a week for hospital and medical care, and that she assumed the balance of his indebtedness for loans made for prior financing and improvement of the property.

In the course of the hearing plaintiff learned that Ada De Priest, defendant's daughter, claimed to have some interest in the property, and plaintiff accordingly amended her petition to make Ada De Priest an additional party defendant. Thereafter Ada De Priest moved for a declaratory judgment finding that the con-

veyance by defendant of an undivided one-half interest in the property was made to her for valuable consideration, and in support thereof she presented defendant's affidavit alleging in substance that he had on August 26, 1950 conveyed the property by quitclaim deed giving to Lizzie Guest and Ada De Priest each an undivided half interest in the property; that when the conveyance was made he held full title to the property; that the consideration for the deed was threefold: (a) to secure Lizzie Guest for certain payments made by her to enable affiant to conform to the provisions of the settlement agreement entered into at the time the decree of divorce was entered; (b) to provide for Ada De Priest in return for services rendered and to be rendered in caring for him because of his physical afflictions; and (c) to express his love and affection for his daughter; and that at the time of making the quitclaim deed there was nothing due and owing to plaintiff, either for alimony or support money. In her answer to the motion for declaratory judgment plaintiff entered a general denial of the allegations of the written motion.

Additional facts adduced upon the hearing disclose that while plaintiff and defendant were living together as husband and wife, two loans were made for improving and repairing the buildings at 6039 South State street, one from Universal CIT Credit Corporation for $3,197.88, and the other from Exchange National Bank of Chicago for $1,379.74. Soon after the entry of the decree, the Exchange National Bank started or threatened foreclosure of its lien. Conferences then followed at the offices of the attorneys for the respective parties, at which plaintiff and Lizzie Guest were present, and there is competent evidence that in the course of those conferences Lizzie Guest agreed to take over defendant's title, assume and pay the lien and all other out-

standing debts, furnish defendant with funds for clothing and medical bills, and to take care of him and his daughter, Ada De Priest, who was living with them at the time, and with Lizzie Guest's approval the quitclaim deed named Ada De Priest as an undivided one-half owner. Since the quitclaim deed was made Lizzie Guest has been collecting the rents on the property in question; she has paid Universal CIT $621 and Exchange National Bank $391.10; she has also paid the taxes on the entire property, including those on the rear building which belongs to plaintiff under the settlement agreement. She permits defendant to occupy a room on the premises without payment of rent, furnishes his meals, gives him money for medical expenses, and gave him some three to four hundred dollars with which to purchase clothes.

On May 31, 1951 the court entered a decree approving the report of the special commissioner to whom the matter had first been referred, and resolved an ambiguity regarding the ownership of the real estate and found that (a) plaintiff is the owner of the land and building at 6037 South State street, and (b) she is also the owner of the building located on the rear of the premises on 6039 South State street. It was not until some six months after the decree was entered on the special commissioner's report that the judgment in the sum of $620.52 for past-due child support and attorney's fees was entered. The instant proceedings were instituted October 3, 1951 and referred to a master, before whom plaintiff testified that she was then earning thirty-five to forty dollars a week. The decree appealed from follows the master's findings that neither of the grantees paid defendant any valuable consideration for the deed. However, there is an inconsistency in the decree which also finds, in paragraph 7, that a valuable consideration therefor was paid by Lizzie Guest. The

decree concludes that the deed was intended by the parties as an equitable mortgage to secure Lizzie Guest for sums that might become due her for advances made on behalf of defendant, and provides for the sale of the property in question at public auction to the highest and best bidder with an upset price of $5,000; that the master pay from the proceeds all expenses connected with the sale, title examination and insurance, pay to plaintiff the sum of $620.52 with interest, costs advanced by plaintiff in the sum of $149.70, plaintiff's attorney's fees amounting to $250, and that Lizzie Guest be paid $1,013.71 with interest for payments made on account of the property, less credit for payments made on the indebtedness, less credit of an amount equivalent to the total net income from the property, and that he also deduct from the proceeds of the sale the sum of $295 for his fees and charges up to that time.

Lizzie Guest and Ada De Priest took a direct appeal to the Supreme Court which found that no freehold is involved and transferred the case here for determination.

■■■■ Plaintiff's petition is in effect a creditor's bill or in the nature of a partition proceeding or a bill to remove a cloud on title to property. The principal questions presented are (1) whether the court had jurisdiction, more than a year after the decree for divorce was entered, to entertain the petition, and (2) whether, in any event, the circumstances would justify the entry of the decree in favor of plaintiff divesting the principal defendant of his property. At the time the decree was entered the parties entered into a property-settlement agreement which was final in all respects; plaintiff received two pieces of property, and defendant retained one. Subsequently the quitclaim deed conveying land at 6039 South State street

155

to Lizzie Guest and Ada De Priest was executed and acknowledged by defendant in the office of plaintiff's lawyer and duly recorded. Although the court did not retain express jurisdiction in the proceeding for any purpose, it had inherent jurisdiction to consider future support money for the children, but nothing more. Plaintiff's judgment for $620.52 on September 11, 1951 would have justified her in pursuing citation proceedings to collect the judgment, but it did not vest the court with jurisdiction to add new parties and decree new remedies which could only and properly have been the subject matter of an independent suit of an entirely different nature. "Courts of equity have no inherent powers in cases of divorce. The jurisdiction of courts of equity to hear and determine divorce cases, and all matters relating thereto, is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. (*Smith v. Johnson*, 321 Ill. 134.) Section 18 [Ill. Rev. Stats. 1951, ch. 40, § 19; Jones Ill. Stats. Ann. 109.186] of the Divorce Act does not enlarge the general equity powers of the court. It reserves a limited power to review alimony decrees. Being in the nature of a special power it will not be extended beyond its terms." *Smith v. Smith,* 334 Ill. 370.

 As to the merits of the case, there is no basis for the finding in the decree that defendant had not received good and valuable consideration for the quitclaim deed. It is undisputed that after the deed was executed, Lizzie Guest paid Universal CIT $621.80, and the Exchange National Bank $391.91; that she also paid the taxes on the entire property, including the taxes on the rear building which should have been paid by plaintiff; that she housed and fed defendant

without any remuneration, furnished him with funds for medical expenses and clothes. Defendant was well advanced in years and had serious physical ailments which made it reasonably certain that he would never again be able to pursue gainful employment and would need someone to look after him. Lizzie Guest and Ada De Priest, his nearest adult kin, undertook to do this as a consideration for the property conveyed to them. An agreement to do so, if fairly and understandingly made and accepted by all parties, is a consideration sufficient to support the deed. *Sturtevant v. Sturtevant,* 116 Ill. 340. Nor is there any basis for the finding in the decree that Lizzie Guest holds legal title to the property in question as security for repayment of loans to defendant. He had no means other than the real estate, a considerable part of which had been given to his wife in the property-settlement agreement, and there was no reasonable probability that he could ever repay the loans to his sister.

We advert to the fact that when the quitclaim deed of August 26, 1950 was executed, defendant was not in arrears in any payments for support of the minor children and had no creditors. He had a right to convey his property to his sister and daughter under circumstances and for considerations which we think were sufficient and justifiable. This proceeding is unlike situations which sometimes arise where property is conveyed in fraud of creditors and in clear anticipation of judgment that may be entered against the grantor. The element of fraud is wholly absent in this proceeding. Plaintiff should be required to pursue the usual remedy for payment of arrearages in support money, if she so desires.

It follows from what we have said that the chancellor improperly assessed the master's costs against defendant and allowed plaintiff additional

157

attorney's fees, and especially in directing that the same be paid out of property which belongs in part to Ada De Priest. Accordingly, the decree of the superior court is reversed and the cause remanded with directions to dismiss plaintiff's petition, costs to be assessed against plaintiff.

*Decree reversed and cause remanded with directions.*

NIEMEYER, P. J. and BURKE, J., concur.