*In re* TIMOTHY NELSEN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* TIMOTHY NELSEN, Respondent-Appellant.)

Second District No. 76-203

Opinion filed October 12, 1977.—Rehearing denied December 9, 1977.

Harold J. Spelman and Bruce R. Kelsey, both of Spelman, Greenwalt & Assoc., of West Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Edmund P. Bart, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On October 22, 1973, a petition was filed by the State's Attorney of Du Page County alleging the 15-year-old minor herein was a minor in need of supervision beyond the control of his parents. Both natural parents were served and a dispositional hearing was held on November 5, 1973.

At the time of that hearing both the mother and the father as well as the

stepfather were present in the court and concurred in the finding of the court that the minor was in need of supervision. It is obvious from the subsequent record of placement that considerable difficulty was encountered in the supervision of this minor. While a copy of the order declaring the minor to be a ward in need of supervision is not in the file, it is presumed that such an order was in fact entered. During the following months the court placed the minor with the mother; the father; in a foster home; back with the mother and finally, on June 4, 1975, in the Sunny Ridge juvenile home.

The parents of the minor herein were divorced in 1965 and the custody of the minor, together with the two other minor children of the parties, was awarded to the mother. In the divorce decree the father was ordered to pay the sum of $65 per week for the support of his three minor children. From the record it would appear that the natural father has, in fact, consistently made those payments. The mother and father have both remarried.

The question presented in this case is whether the trial court had the authority to order the father to reimburse the County of Du Page in the sum of $2,044 for the care and support of the minor where the father was not previously notified of these expenditures.

■■ On July 19, 1974, upon notice to both natural parents, a hearing was held relative to support of the minor and on July 26, 1974, the trial court entered the following order:

> "IT IS THEREFORE ORDERED that the Resp. Natl Father is ordered to reimburse the County of Du Page for expenses incurred in the care of the R M totaling $191.00 at the rate of $25.00 per month beginning 8-1-74 until full payment is made."

Pursuant to this order the father paid the sum of $191. The State contends, indirectly, that this was a continuing order for reimbursement and has stated that:

> "* * * appellant did actually reimburse the County of Du Page up to $191 and then ceased reimbursement."

It is obvious from the face of this order that it was not a continuing order. The order pertained only to the payment of $191 at the rate of $25 a month until full payment was made. No further order relative to continuing reimbursement by the natural father for the support of the minor was entered.

On July 10, 1975, the State's Attorney filed a petition for reimbursement from the father in the sum of $670. At this juncture the attorney for the father filed a special and limited appearance. The matter was continued from time to time and while the record is incomplete as to the details, it would appear that a hearing was finally held on February 2, 1976, as to the father's responsibility for reimbursement. It is to be inferred that

subsequent to the filing of the petition for reimbursement in the sum of $670, additional expenditures were incurred by the county for the minor's support and maintenance. While the brief of the county indicates that the County of Du Page made payments for the support of the minor exceeding $3,000, the record does not reveal proofs of those payments. The trial court entered an order that the father pay $50 a month on a compromise sum of $2,044. The father has appealed from the entry of this order.

■■ The father contends that the Family Expense Act (Ill. Rev. Stat. 1975, ch. 68, par. 15) is relevant to the establishment of his liability for the support of this minor. He argues that the Family Expense Act requires that there be a family unit in order to require reimbursement for the support of a minor. We do not agree. The family unit argument has no bearing on the instant case as the same is brought under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 704—1 *et seq.*) Section 7—4(1) provides as follows:

"Enforcement of Liability of Parents and Others.)

(1) If it appears at any hearing that a parent or any other person named in the petition, liable under the law for the support of the minor, is able to contribute to his support, the court shall enter an order requiring that parent or other person to pay the clerk of the court, or to the guardian or custodian appointed under Section 5—7, a reasonable sum from time to time for the care, support and necessary special care or treatment, of the minor. The court may require reasonable security for such payments." (Ill. Rev. Stat. 1975, ch. 37, par. 704—4(1).)

The minor here had been made a ward of the court and a guardian had been appointed for him by the circuit court. It is clear that the governing statute is section 7—4(1) of the Juvenile Court Act and not the Family Expense Act.

■■ The county's petition for reimbursement of the support of this minor related the sum of $670. By the time the hearing as to the ability of the father to pay was held that expenditure had increased and the court "compromised" the amount due at $2,044. We do not have a record of that proceeding and we do not know the basis upon which the court determined the liability for reimbursement by the father. The question of the reasonableness of the amount adjudicated due and owing from the father is therefore not before us nor has any question been raised as to that issue. The sole contention of the father is that he is not liable for any support. We are, therefore, not called upon to determine the reasonableness of the amount of reimbursement decreed by the court, but only whether the father is responsible for reimbursement to the county for the support of his child. As indicated above, the record is incomplete

and does not include the order making the minor a ward of the court and appointing the guardian. However, from the record we do have, it would appear that the respondent was present at the hearing wherein such order was entered, as subsequently recognized by the pleadings. The father, therefore, knew that the child had been made a ward of the court and was cognizant of the various placements of the child. It can scarcely be said that he was not aware of the whereabouts of his child during the two-year period in question. It is the basic responsibility of the parent to provide for the support of his or her child. The Juvenile Court Act specifically finds that if a child is made a ward of the court and the funds of the county are expended for his support and maintenance, the court shall determine the ability of the parent to reimburse the county "a reasonable sum from time to time for the care, support and necessary special care or treatment, of the minor." We have stated that a hearing was had eventually as to the ability of the respondent to make such reimbursement. It is not the duty of the general public to fully support a child where the parent is able to contribute to such support. Therefore, we specifically find that the father is liable under the law for the support of the minor under the provisions of section 7—4(1) of the Juvenile Court Act.

■■ Before concluding, however, we feel constrained to remark upon the procedure utilized in this matter. Although we do not find any violations of constitutional due process in the instant case, it appears that it would be a better procedure to determine the natural parent's ability to make reimbursement at the time of the placement of the child in an institution or facility rather than after substantial sums have been expended. Bearing in mind that the county is not a source of unlimited funds, it would be better procedure for the juvenile court to determine the possible financial exposure of the public vis-a-vis the natural parent. In addition, such a determination would afford the parent or parents the opportunity to suggest alternative means or places where supervision might be effected.

For the reasons stated above, the order appealed from is affirmed.

Affirmed.

WOODWARD and BOYLE, JJ., concur.