*In re* MARRIAGE OF LYDIA VAN WINKLE, a/k/a Lydia Carpio, Petitioner-Appellee, and COLONEL VAN WINKLE, Respondent-Appellant.

Third District   No. 81-440

Opinion filed June 16, 1982.

Alexander M. Jarrin, of Moline, for appellant.

John R. McClean, Jr., of Lousberg and McClean, of Rock Island, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The appellant, Colonel Van Winkle, initiated a petition for modification in the circuit court of Henry County requesting that the court terminate his obligation to pay child support on behalf of his minor child, Gary Van Winkle. This was followed by a petition filed by appellee, Lydia Carpio, the child's custodial parent, requesting that the court order Colonel to reimburse her for legal and medical expenses paid by her in connection with defending Gary in a juvenile proceeding which resulted in an adjudication of delinquency and placement with the Department of Corrections. The court denied Colonel's petition for modification and further ordered Colonel to reimburse Lydia for one-half of the extraordinary legal and medical expenses incurred on Gary's behalf. It is from this order that Colonel appeals. The two issues before us are: (1) whether the trial court erred in denying Colonel's petition for modification; and (2) whether the trial court erred in ordering him to reimburse Lydia for medical and legal expenses incurred for Gary.

Colonel and Lydia were finally divorced on October 30, 1968. Lydia was awarded custody of their minor children and Colonel was ordered to pay child support which, at the time of the instant proceedings, amounted to $30 per week for the one remaining minor child, Gary.

On April 23, 1981, Gary was adjudicated a delinquent and committed to the Department of Corrections, Juvenile Division, as a result of juvenile proceedings brought against him in Rock Island County. Custody and guardianship were transferred to the assistant director of the Department accordingly.

Incidental to the juvenile charges, Gary underwent psychological and

neurological evaluation. Pursuant to the terms of the original divorce decree, the bills for these services were submitted to the carrier of health insurance provided by Colonel. After the carrier had discharged its obligation under the policy, there remained $481.07 in noncovered medical expenses, and this amount was billed to Lydia. In addition, counsel retained by Lydia for Gary's defense charged Lydia $2,000 for his services.

The change in Gary's custody and the extraordinary expenses incurred on Gary's behalf prompted the petitions which are the subject of the instant litigation. Upon consideration of the parties' oral and written arguments, the trial court entered its written findings and determination as hereinbefore indicated. Because we are unable to determine from the record on appeal whether or not the trial court considered reducing the amount of child support to reflect the change in circumstances brought about by Gary's juvenile placement, we remand this cause to the trial court on this issue. We reverse the order of the trial court respecting reimbursement for medical and legal expenses.

It is well settled that a substantial change in circumstances will warrant modification of child support. (Ill. Rev. Stat. 1979, ch. 40, par. 510(a).) The transfer of custody of a child has been determined to be such a change in circumstances. See *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 410 N.E.2d 31.

The sole substantial change in circumstances alleged by Colonel Van Winkle in support of his petition for modification was the fact that Gary was no longer in the custody of his mother. Evidence was introduced to establish that the Department of Corrections makes no charges to parents for the support of juveniles placed in the care of its juvenile division. Other evidence was admitted which tended to demonstrate that Lydia sustained certain fixed expenses for the maintenance of her home to which, presumably, Gary would return upon his release from the Department of Corrections.

■■ The trial court's written order contains the following finding respecting Colonel's petition: "[B]ased on the pleadings, evidence, stipulated facts and law, the order earlier entered on July 21, 1980 [fixing the amount of support at $30 per week] as to support of said minor should not be modified, and is therefore in full force and effect." We agree with the trial court's finding as a matter of public policy that the placement of a minor child with the Department of Corrections does not relieve the parents of their duty of support. The trial court correctly denied Colonel's request that his support obligation be terminated. The fact, however, that Gary's current needs, while in the custody of State juvenile authorities, have substantially decreased cannot be denied. If, in fact, $30 per week represented a proper balance between Gary's needs and Colonel's ability

to support him prior to his delinquency adjudication, then it would appear that an imbalance may have been achieved upon Gary's placement with the Department of Corrections. If so, reduction in child support is appropriate. (See *Dull v. Dull* (1979), 73 Ill. App. 3d 1015, 392 N.E.2d 421.) While we recognize the wide discretion accorded the trial judge in such matters (*Sullivan v. Sullivan* (1978), 57 Ill. App. 3d 958, 373 N.E.2d 829), we nonetheless must remand this cause because we cannot determine based on the record on review whether the judge in this case did in fact exercise her discretion in denying *in toto* Colonel's petition. Although not specifically requested in his prayer for relief, it was unquestionably within the scope of the trial judge's discretion to reduce child support payments in consideration of the change of circumstances even if termination was not warranted by the facts. The record is silent as to why the trial court chose to deny any form of relief whatsoever for the noncustodial parent. By remanding this cause, we do not intend to imply that continuation of $30 per week child support during the minor child's placement in the Department of Corrections would be an abuse of discretion in this case. (See *Breuer v. Breuer* (1972), 4 Ill. App. 3d 179, 280 N.E.2d 518 (noncustodial father required to pay child support to custodial parent for periods when child was absent from home to attend college).) We observe merely that the record does not disclose that a reduction in child support was considered by the trial court in its determination and that we cannot determine on the record before us that such a reduction was not warranted under the circumstances presented.

We next consider whether the trial court's award of reimbursement to Lydia Carpio for medical expenses and attorney fees was erroneous. It is Colonel's position that the trial court lacks authority to award any reimbursement for medical and private attorney fees expended on Gary's behalf in the absence of a specific statutory provision therefor. He relies upon section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510) in asserting that Lydia is barred from recovering reimbursement for expenses incurred prior to the date of filing her petition therefor in the trial court.

Lydia, on the other hand, argues that the public policy of Illinois is to protect minors against whom juvenile proceedings are initiated (Ill. Rev. Stat. 1979, ch. 37, par. 701—20) and to require parents to provide, to the extent possible, for the support of their minor children (Ill. Rev. Stat. 1979, ch. 40, par. 506). Therefore, the argument continues, any extraordinary expenses in the nature of necessaries, including reasonable fees incurred by the custodial parent in defending a minor child, should be reimbursable from the noncustodial parent.

The issue presented to us in the instant case appears to be one of first impression in Illinois. The record discloses that the original divorce

decree dated October 30, 1968, provided that Colonel would pay $20 per week in child support and that he would maintain health and accident insurance on the minor children. No further provisions were made as to extraordinary expenses of the children. On September 8, 1972, Lydia filed a petition to modify, requesting an increase in support. This petition was disposed of by the parties' stipulation increasing the weekly support payment to $40 per week.

A second petition to modify was filed on November 18, 1977, in which Colonel requested a reduction in support because of the emancipation of one minor child. The court, accordingly, modified the weekly payment to $20. On June 23, 1980, Lydia filed a petition to modify, requesting an increase because Colonel's income had increased and Gary's needs had increased with age. Pursuant to the parties' stipulation, the court increased Colonel's weekly support payment to $30.

Between this last order and the petitions in the instant cause, juvenile proceedings were commenced against Gary on a burglary charge. Private counsel for Gary was retained on January 27, 1981, and the $2,000 paid by Lydia as a retainer on that date was disbursed as fees for services rendered on May 6, 1981. In preparing Gary's defense, psychological services were required which extended from December 19, 1980, through April 7, 1981. Fees for these services totaled $556.07, of which $481.07 was not covered by insurance. On April 30, 1981, Colonel requested abatement or termination because of the adjudication of delinquency against Gary. Lydia's petition was thereafter filed on May 15, 1981.

The rule in Illinois is well established that one parent may not unilaterally modify a support decree thereby affecting the expectations of the other parent as to support payments. Therefore, any increase or reduction in support must be sought through the circuit court which retains jurisdiction for this purpose. Ill. Rev. Stat. 1979, ch. 40, par. 510; *Guest v. Guest* (1953), 351 Ill. App. 148, 114 N.E.2d 326 (retroactive modifications not allowed).

In *Berg v. Berg* (1967), 85 Ill. App. 2d 98, 229 N.E.2d 282, an original divorce decree entered in 1957 made the wife responsible for all medical expenses. In July 1964, the divorce decree was modified to require the husband to pay for extraordinary medical bills. In February 1965, the wife filed a petition alleging that she had incurred certain extraordinary medical expenses in 1963 and that the husband had refused to pay for such expenses. Pursuant to this petition the trial court, in June 1965, ordered the husband to pay one-half of a medical bill incurred in 1963, and the husband appealed from that order. The reviewing court reversed, holding that since the medical bill was for services rendered in a period prior to the time when the original divorce decree had been modified to require the husband to pay medical bills, the husband could not be

assessed for one-half of the 1963 medical bill. The modification order of July 1964 applied only to medical expenses which would be incurred thereafter.

■■ The present statutory authority for modifying support provisions permits the trial court to modify the support obligation retroactive to the date of filing of the modification petition. (Ill. Rev. Stat. 1979, ch. 40, par. 510(a).) Although the petition filed by Lydia in the instant case is not entitled a petition for modification, it was clearly advanced as a product of Colonel's obligation of support for Gary. She argues on appeal that since she was not seeking a permanent modification regarding medical/legal expenses, the rule precluding retroactive support modification should not operate to defeat her claim. This argument fails to convince. In effect, Lydia's petition seeks retroactive modification of the divorce decree to require Colonel to contribute towards extraordinary medical/legal expenses incurred on Gary's behalf. Were the instant petition to be granted, we perceive of no reason why Lydia should not anticipate similar reimbursement for extraordinary medical/legal expenses in the future as well. Since the original decree lacked such a provision, we cannot escape the conclusion that Lydia's petition is limited by the statute governing modification.

To circumvent the inherent hardship to the noncustodial parent who (as would appear to be the case herein) has not been consulted about the necessity for professional services prior to the rendering thereof, the statute requires that the parent seeking modification first file a petition with the circuit court. This procedure gives fair notice to the parent whose expectations as to the amount of support would be affected. Since the services for which Lydia presently claims reimbursement were not, in fact, of an emergency nature, we find no basis in law or public policy for carving an exception in the instant case so as to grant her petition.

Lydia suggests that authority for ordering Colonel to pay for extraordinary medical expenses may be found in *In re Marriage of Thompson* (1979), 79 Ill. App. 3d 310, 398 N.E.2d 17. In *Thompson* the trial court's order required the supporting parent to pay for "any *future* extraordinary medical, hospital, or dental expenses of the minor children." (Emphasis added.) (79 Ill. App. 3d 310, 312, 398 N.E.2d 17, 20.) The general rule that retroactive modifications are not allowed in Illinois is, thus, unaffected by *Thompson.*

Several authorities are also cited in Lydia's brief for the proposition that attorney fees incurred in defending Gary in the juvenile proceedings, like medical expenses, are "necessary" expenditures for which Colonel, as supporting parent, should be responsible. We have reviewed these authorities and find that they do not alter the fact that reimbursement for

expenses incurred prior to the date of filing a petition for modification may not be had in Illinois.

*State v. Allen Circuit Court* (1960), 241 Ind. 627, 170 N.E.2d 663, *Griston v. Stousland* (Sup. Ct. 1946), 186 Misc. 201, 60 N.Y.S.2d 118, and *In re Rickey H.* (1970), 2 Cal. 3d 513, 468 P.2d 204, 86 Cal. Rptr. 76, stand for the policy that in criminal or juvenile proceedings where a minor's liberty is at stake the right to counsel is of constitutional dimensions and the fees charged therefor are in the nature of necessaries for which parents may be held responsible. None of these cases, however, involved, as here, parents who were divorced at the time the legal expenses were incurred.

While there are no Illinois decisions on point, we are of the opinion that the public policy of Illinois conforms to that expressed in the California, Indiana, and New York cases to the extent that the family expense statute (Ill. Rev. Stat. 1979, ch. 40, par. 1015) requires parents to pay for the necessary expenses of their minor children, including reasonable attorney fees. However, as Colonel correctly points out, this statute does not apply where the parents are divorced. *Hess v. Slutsky* (1922), 224 Ill. App. 419.

Lydia also refers us to *Price v. Perkins* (1966), 242 Md. 501, 219 A.2d 557, a case factually analogous to the situation with which we are presently concerned. In *Price*, the attorney who had been hired by a divorced mother to represent her minor child in proceedings to determine whether the child should be enrolled at a school for mentally disturbed children sued the father at law for attorney fees. In *Price*, as in the present case, the services were not of a nature contemplated in the original decree, and they were rendered prior to the filing of a petition to recover reimbursement therefor. The court determined that the attorney fees were both reasonable and necessary. The court concluded that the attorney could enforce a suit at law to recover his fees from the father.

Subsequent to *Price*, the Maryland Court of Special Appeals was asked to rule upon a case in which the custodial mother sought reimbursement from the father for college expenses incurred by her on behalf of the parties' minor child. (*Fainberg v. Rosen* (1971), 12 Md. App. 351, 278 A.2d 630.) The trial court, sitting in equity, had granted a retroactive increase in support payments. On review, the court declared that this retroactive increase was in error, and affirmed only the increase in support payments due as of the date of filing of the petition for modification. In a footnote the court observed that the question of whether the retroactive reimbursement would be recoverable by the wife in an action at common law was not before the court; thus, the question was not being decided.

Having reviewed the relevant Maryland statutes respecting child

support and having compared them to the laws of Illinois, we conclude that the rationale of *Price* and *Fainberg* does not permit retroactive reimbursement of extraordinary expenses in the present case.

In Illinois any common law rights parents may have had to recover for expenses incurred on behalf of their children have been abrogated by the codification of the family expense statute and the Illinois Marriage and Dissolution of Marriage Act—the former applicable prior to divorce and the latter thereafter.

The Illinois rule announced in *Hess v. Slutsky* (1922), 224 Ill. App. 419, precludes allowance of "necessary" expenses incurred after divorce unless the request for reimbursement is brought to the attention of the trial court prior to or concomitant with the contracting of the expenses. This rule apparently derives from the general principle that a decree determining child support to be paid by the noncustodial parent is final for the period of time it covers and allowance of retroactive modifications would be tantamount to setting aside the decree after obligations thereunder have been performed.

This rule, however, is not, in our opinion, such a hard and fast rule as would operate to deny justice in a different set of facts, *e.g.*, where the expenses arise in the nature of a medical emergency situation in which it would be absurd to expect the custodial parent to pursue a petition for modification prior to meeting exigencies of the emergency. (See *In re Marriage of Ford* (1972), 24 Cal. App. 3d 62, 100 Cal. Rptr. 817.) Such is not the case before us since it is obvious from the record that the psychological and legal expenses incurred herein extended over a period of time from at least January through April of 1981. In addition, we note that there is no indication of record that Lydia discussed Gary's need for the professional services with Colonel or ever requested that he contribute toward the expenses prior to May 15, 1981, when she petitioned the court for reimbursement. On these facts, we must conclude that Lydia voluntarily incurred the extraordinary expenses. Her voluntary payments are nonreimbursable.

Finally, we have considered appellee's argument that the trial court's award of reimbursement in this case was proper under the Illinois Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37). While the Juvenile Court Act requires that a minor be represented by counsel at juvenile proceedings and authorizes the court to order parents, to the extent of their ability, to pay a reasonable fee for such representation, we fail to find anything in the Act which would permit one divorced parent to recover reimbursement from the other after the professional fees have been fully earned and paid for. Whether an attorney might be able to recover from the noncustodial parent reasonable fees for representation of a minor child under the Juvenile Court Act is a question that is not before us. (See *In re*

*Nelson* (1977), 54 Ill. App. 3d 412, 369 N.E.2d 515 (noncustodial parent ordered to reimburse county for funds expended for support of child during foster home placement)). As indicated earlier in this opinion, the provisions of the Illinois Marriage and Dissolution of Marriage Act control in any action brought between the parents and relating to child support.

In sum we find that the trial court committed reversible error in granting the petition for reimbursement of legal and medical expenses. Accordingly, we vacate the order of reimbursement.

Cause remanded for further proceedings consistent with the views expressed herein.

Reversed in part; remanded.

SCOTT and HEIPLE, JJ., concur.