first claim is factually without merit. Motion counsel presented evidence at the motion hearing that movant admitted committing the crime. He told his defense counsel he "did it and they caught me at it."

■ We review the factual allegations of ineffective assistance of counsel in the motion only to determine their effect, if any, on voluntariness of the plea of guilty. *Wolf v. State,* 790 S.W.2d 261, 262 (Mo. App.1990). During the plea proceedings, movant affirmed he understood the charge and range of punishment. He testified he was not induced by fear or favor, and the plea was freely, voluntarily and intelligently made with a full understanding of the charge and the consequences of the plea. On these facts the plea waived any complaint based on counsel's failure to investigate. *Sanders v. State,* 770 S.W.2d 447, 448 (Mo.App.1989).

The findings, conclusions and judgment of the motion court are not clearly erroneous. Rule 24.035(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

Accordingly, we affirm. Rule 84.16(b).

Russell John Kruse, Palmyra, for defendant-appellant.

James Daniel Terrell, Hannibal, for plaintiff-respondent.

ORDER

PER CURIAM.

This is an appeal from the trial court's judgment in an action by plaintiff, the ex-wife of defendant, to collect reimbursement for payment of hospitalization and related doctor bills incurred when the parties' son was hospitalized.

The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

An opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed in accordance with Rule 84.16(b).

Francis W. SCHWARTZ,
Plaintiff–Respondent,

v.

Bonnie Jo (Schwartz) SUTTON,
Defendant–Appellant.

No. 58226.

Missouri Court of Appeals,
Eastern Disrict,
Northern Division.

Feb. 13, 1991.

STATE of Missouri,
Plaintiff–Respondent,

v.

Harold Gene HOUSTON,
Defendant–Appellant.

No. WD 42851.

Missouri Court of Appeals,
Western District.

Feb. 13, 1991.