Bonnie Jo (Schwartz) SUTTON,
Plaintiff–Appellant,

v.

Francis W. SCHWARTZ, Defendant–
Respondent.

No. 59106.

Missouri Court of Appeals,
Eastern District,
Division One.

July 16, 1991.

Mitchell & Kruse, Russell J. Kruse, Palmyra, for plaintiff-appellant.

Wasinger, Parham, Morthland, Terrell & Wasinger, James Daniel Terrell, Hannibal, for defendant-respondent.

KAROHL, Judge.

Bonnie Jo (Schwartz) Sutton, mother, appeals from trial court's order entered on October 3, 1990, which denied mother's motion to reconsider attorney's fees on appeal in Appeal No. 57619 and for attorney's fees on appeal in Appeal No. 58226. This is the third appeal entertained by this court in recent months involving these parties. The appeals emanate from mother's arduous battle of eighteen years to collect monies from Francis W. Schwartz, father, allegedly owed to mother under provisions of the parties' 1973 divorce decree. We find the issue in this appeal was resolved by decision of this court in Appeal No. 57619. Accordingly, we dismiss the appeal.

In *Schwartz v. Sutton,* 803 S.W.2d 195 (Mo.App.1991) (No. 58226, decided February 13, 1991), mother appealed from March 8, 1990, trial court judgment in favor of mother and against father for $68.20 in unpaid medical bills for the parties' minor son. On appeal mother alleged, among other things, the trial court erred in not awarding her attorney's fees. We disagreed and summarily affirmed the appeal, Rule 84.16(b).

In *Sutton v. Schwartz,* 808 S.W.2d 15 (Mo.App.1991), mother appealed from November 17, 1989, trial court order which granted father's motion to quash garnishment and denied mother's request for attorney's fees incurred in resisting the motion to quash before the trial court. Mother brought garnishment action to collect alleged arrearage in child support. Mother also attempted to appeal trial court's subsequent order entered on December 6, 1989, which denied mother's request for attorney's fees on appeal. However, we lacked jurisdiction to consider the request for at-

torney's fees for the appeal. *Id.* at 23. On appeal we reversed the trial court's order quashing the garnishment and remanded the cause to the trial court to determine, on the present record, the amount of unpaid child support, if any, father owes, to determine whether mother is entitled to attorney's fees for a successful prosecution of the garnishment, and to enter an appropriate judgment.

In this appeal mother alleges:

THE TRIAL COURT ERRED IN DENYING MOTHER'S MOTION TO RECONSIDER ATTORNEY FEES ON APPEAL OF THE TRIAL COURT'S ORDER TO QUASH GARNISHMENT BECAUSE THE COURT ABUSED ITS DISCRETION IN THAT IT FAILED TO CONSIDER ALL RELEVANT FACTORS, INCLUDING MOTHER'S INABILITY TO PAY, AND FATHER'S ABILITY TO PAY, AND WAS AGAINST THE WEIGHT OF THE EVIDENCE.

In light of our previous opinion of *Sutton v. Schwartz,* 808 S.W.2d at 23, wherein we remanded the cause to the trial court to reconsider whether mother is entitled to attorney's fees for successful prosecution of the garnishment, we find the issue argued here is still pending before the trial court. Accordingly, mother is no longer an aggrieved party by the original October 3, 1990, ruling. Section 512.020 RSMo 1986.

Appeal dismissed.

PUDLOWSKI, P.J., and GRIMM, J., concur.