Bonnie Jo (Schwartz) SUTTON, Appellant,

v.

Francis W. SCHWARTZ, Respondent.

No. 62900.

Missouri Court of Appeals, Eastern District, Northern Division.

Aug. 31, 1993.

Russell J. Kruse, Mitchell & Kruse, Palmyra, for appellant.

James D. Terrell, Wasinger, Parham, Morthland, Terrell & Wasinger, Hannibal, for respondent.

1. The parties have been before us on two other occasions since the dissolution of marriage. *See Schwartz v. Sutton,* 803 S.W.2d 195 (Mo.App. 1991) and *Sutton v. Schwartz,* 820 S.W.2d 71 (Mo.App.1991).

SMITH, Judge.

Mother appeals from the judgment of the trial court (following remand from this court) that father did not owe additional child support because all of the children were emancipated prior to father's cessation of payments. The case in which remand occurred is *Sutton v. Schwartz,* 808 S.W.2d 15 (Mo.App.1991).[1] In that case we determined that the mother had waived her right to the full amount of decreed child support but that waiver ended when mother filed her garnishment on January 6, 1986. We were unable to determine what amount of child support was owed and remanded the case to the trial court "for a determination, in accord with this opinion and on the present record, whether the father owes any unpaid child support and, in turn, whether the mother is entitled to attorney's fee for a successful prosecution of this garnishment action." *Id.* at 23. On remand the trial court found that all three children were emancipated during the period of time in issue under the mandate of this court and the father had no further child support obligation. We reverse and remand.

Mother first asserts that the trial court had previously made findings of fact which included a determination that emancipation had not occurred and that such findings are the "record" in the case and binding under the directions on remand in the prior appeal. We discussed these so-called findings in the prior appeal. They essentially are the ruminations of the trial judge reduced to writing in letters to counsel. They were not formal findings of fact because the trial court expressly refused to enter findings of fact. They were at best interlocutory findings which were subject to change before final judgment and the previous final judgment did not contain findings. Neither the trial court nor we are bound by the alleged findings contained in the court's letters to counsel.

As we held on the prior appeal the award of child support to mother was a fixed amount award not a per child award so it did

not decrease as each of the children reached emancipation. It is not necessary, therefore, for us to consider the emancipation of the two older children, for it is our conclusion that the trial court erred in determining that the youngest child, Greg, was emancipated prior to August 13, 1988. Greg was born in 1968. On August 13, 1988, a statute became effective reducing the age of emancipation from 21 to 18 with certain exceptions not applicable here. § 452.340(5) RSMo 1988. Mother makes no claim for child support after the effective date of the statute.

 Emancipation is the relinquishment of parental control and of the legal obligation to support the child. It is never presumed and the express or implied consent of the custodial parent to the child leaving the home to provide for himself is required. *Bopp v. Bopp*, 671 S.W.2d 348, 351 (Mo.App.1984) [3–5]. It may occur in one of three ways, i.e. express parental consent, implied parental consent, or by the child's change of status in the eyes of society. *Id.* at [6]. The burden of establishing emancipation is upon the party asserting emancipation. *Id.* at [3–5]. We do not find it necessary to set out in detail the evidence before the court. The thrust of the father's contention is that because Greg became a serious problem for his parents and society as early as 1984 he achieved a status of emancipation. Included in the problems were a felony conviction, apparently when he was sixteen, a serious problem with drug and alcohol abuse, and dropping out of school in his senior year. While Greg worked sporadically, the evidence does not justify a conclusion that he was capable of self-sufficiency. Emancipation can occur only when a child is old enough to take care of and provide for himself. *Id.* at [7, 8].

No express consent to emancipation by the custodial parent is established by the evidence. Nor do we find implied consent. Throughout Greg's problems his mother continued to provide a home for Greg and to provide assistance in dealing with his problems. That she was unsuccessful in changing his life style does not establish that she relinquished parental control and cast him out into the world to fare for himself.

 Nor are we able to conclude that Greg's criminal and drug and alcohol problems constitute the change in status in the eyes of society necessary to create emancipation. The two most common emancipations by change of status are marriage and military service. *Orth v. Orth*, 637 S.W.2d 201, 205 (Mo.App.1982) [2, 3]. A felony conviction is clearly distinguishable from marriage and military service, which are positive lifestyle choices. Commission of a felony, although arguably a lifestyle choice, is not one the state wishes to encourage. If a custodial parent is willing to help a child with behavioral problems, chemical dependency problems, and criminal convictions, the courts should not hinder the providing of such help by eliminating financial assistance by the non-custodial parent. Because emancipation is the relinquishment of parental control a life style change must be viewed from the standpoint of whether it has effectively, by its very nature, terminated parental control. Lengthy incarceration could meet that test. The felony conviction here did not result in lengthy incarceration during the period prior to August 1988 and Greg remained subject to his mother's control throughout the relevant time frame. The court erred in finding that emancipation had occurred and in failing to determine what, if any, child support was owing from the father.

 As was true when the case was last before us we do not have the necessary information to make the determination of what, if any, is due and owing and must remand for that determination. The court will also need at that time to determine whether mother is entitled to attorney's fees pursuant to § 452.355(2) RSMo which requires the parent owing an arrearage to pay attorney's fees if that parent failed without good cause to comply with the order of the court. *See McIlroy v. Simmons*, 832 S.W.2d 949, 952 (Mo.App.1992) [2]. If an arrearage is determined the court will need to make the determination of whether good cause existed at the time the payments ceased for the cessation.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion and the opinion in *Sutton v.*

*Schwartz,* 808 S.W.2d 15 (Mo.App.1991). Appellant's motion to strike respondent's supplemental legal file is granted.

KAROHL, P.J., and CRAHAN, J., concur.