In re MARRIAGE OF NANCY E. DANIELS, n/k/a Nancy E. Priepot, Petitioner-Appellant, and JERRY L. DANIELS, Respondent-Appellee.

Fourth District   No. 4—97—0171

Opinion filed May 15, 1998.

A. Michael Kopec, of Stratton, Stone, Kopec & Sturm, of Springfield, for appellant.

Timothy J. Reardon, of Athas, Kowal, Bridge & Deane, Chartered, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

On August 24, 1979, Nancy Daniels, n/k/a Nancy Priepot, and

Jerry Daniels were divorced by a judgment of dissolution of marriage. On December 22, 1993, an order modifying judgment of dissolution of marriage to apportion education expenses was entered requiring Jerry Daniels to pay $300 per month for educational expenses for the benefit of Theresa Daniels, the parties' child, who was born in June 1975. The order provided the payments "shall continue so long as she [Theresa] is a full-time student in good standing at Moody Bible College, with an anticipated graduation date of June, 1997."

Theresa was married on August 9, 1996. Beginning in September 1996, Jerry quit paying the $300 per month for Theresa's educational expenses pursuant to the 1993 order because he considered her marriage a legally emancipating event.

On January 29, 1997, Nancy filed a petition for rule to show cause and for other relief requesting Jerry be held in contempt of court and that a money judgment be entered against him for the amount of educational expenses unpaid by him from September 1996, as required by the 1993 order. The trial court entered an order for rule to show cause on January 30, 1997. On February 19, 1997, Jerry filed a petition to modify judgment of dissolution of marriage as modified as to post-high school educational support. In his petition, Jerry alleged that because Theresa's marriage on August 9, 1996, was an emancipating event he should be relieved of any further obligation to pay educational expenses.

A hearing on both petitions was held on February 27, 1997. The court found that, after her marriage in August 1996, Theresa was emancipated and that her marriage precluded Jerry's obligation to pay the $300 per month in educational expenses. The trial court found that Jerry had not made payments for educational expenses since August 1996, but ruled that as of September 1, 1996, defendant had no obligation to pay those educational expenses. The court discharged Nancy's petition for rule to show cause and denied her request for a money judgment. The court did not rule on Jerry's petition to modify.

Nancy appeals, arguing the trial court erred in concluding Jerry's responsibility to pay the $300 per month in educational expenses automatically ceased upon Theresa's marriage. Nancy argues that Theresa's marriage may have constituted a change in circumstances, but Jerry was obligated to file a petition to modify the educational expenses order, and the trial court could modify the order retroactive to the date Jerry filed a modification petition. Nancy contends the case *In re Marriage of Walters*, 238 Ill. App. 3d 1086, 604 N.E.2d 432 (1992), upon which the trial court based its ruling, is incorrect and should not be followed in this district.

■ Section 513(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides:

"The court may award sums of money out of the property and income of either or both parties or the estate of a deceased parent, as equity may require, for the support of the child or children of the parties who have attained majority in the following instances:

(1) When the child is mentally or physically disabled and not otherwise emancipated, an application for support may be made before or after the child has attained majority.

(2) The court may also make provision for the educational expenses of the child or children of the parties, whether of minor or majority age, and an application for educational expenses may be made before or after the child has attained majority, or after the death of either parent. The authority under this Section to make provision for educational expenses extends not only to periods of college education or professional or other training after graduation from high school, but also to any period during which the child of the parties is still attending high school, even though he or she attained the age of 18. The educational expenses may include, but shall not be limited to, room, board, dues, tuition, transportation, books, fees, registration and application costs, medical expenses including medical insurance, dental expenses, and living expenses during the school year and periods of recess, which sums may be ordered payable to the child, to either parent, or to the educational institution, directly or through a special account or trust created for that purpose, as the court sees fit." 750 ILCS 5/513(a)(1), (a)(2) (West 1996).

Section 513(a)(2) clearly allows provision for a child's education to be made when the child is of majority age. *Walters*, 238 Ill. App. 3d at 1091, 604 N.E.2d at 437.

■ The issue before us was decided by the Second District Appellate Court in *Walters* (238 Ill. App. 3d 1086, 604 N.E.2d 432). In *Walters*, the parties' judgment of dissolution of marriage provided that the father "shall be responsible for a college education for each child to the best of his financial ability, provided said child is college material." *Walters*, 238 Ill. App. 3d at 1089, 604 N.E.2d at 436. The parties' two daughters each got married at some point during their college educations. The father failed to pay for any of their college expenses. *Walters*, 238 Ill. App. 3d at 1089-90, 604 N.E.2d at 437. On appeal, contesting the trial court's order that the father's responsibility to pay college education expenses terminated upon the daughters' marriages, the mother argued no statutory mandate existed that the daughters' emancipation through marriage relieved the father's

obligation to pay for the education expenses. *Walters*, 238 Ill. App. 3d at 1089, 604 N.E.2d at 436.

The court held that section 513 of the Act does not allow provision for a child's education when that child is emancipated other than by age, specifically, when the child is emancipated by marriage. *Walters*, 238 Ill. App. 3d at 1091, 604 N.E.2d at 437. If it had so desired, the legislature could have allowed awards for education expenses even in the case of emancipation other than by age, but it did not do so. *Walters*, 238 Ill. App. 3d at 1091, 604 N.E.2d at 438.

> "Since the statute specifically provides for awards for education expenses and maintenance even if the child reaches majority, but does not specifically allow awards in the case of other emancipating events, we conclude that the court may award education expenses and maintenance for a child who is emancipated by reaching majority age but not by other means." *Walters*, 238 Ill. App. 3d at 1092, 604 N.E.2d at 438.

As a result, the father's obligation to pay for his daughters' college expenses terminated when they became emancipated through marriage. *Walters*, 238 Ill. App. 3d at 1092, 604 N.E.2d at 438.

Nancy argues that section 513(a)(1) provides that a disabled child may be awarded support even if the child has attained majority as long as the child is "not otherwise emancipated." 750 ILCS 5/513(a)(1) (West 1996). Section 513(a)(2) does not contain the "not otherwise emancipated" language found in section 513(a)(1). Nancy contends that since the exception the child must not be otherwise emancipated is not contained in section 513(a)(2), the exception is not applicable to section 513(a)(2), which indicates the legislature's intent to allow awards of educational expenses even when a child is emancipated by something other than age.

We agree with the *Walters* decision and hold that a parent's obligation to pay for the educational expenses of a child who has attained majority terminates upon the marriage of that child, an emancipating event. Section 513(a) of the Act carves out one exception to a child's emancipation and provides that support for the child's educational expenses may be awarded even if the child is of majority age. The Act does not carve out any other exception to emancipation, for example, that support for educational expenses may be awarded even if the child is married.

Section 510 of the Act addresses modification and termination of provisions for maintenance, support, and education expenses. Section 510(d) provides:

> "Unless otherwise agreed in writing or expressly provided in a judgment, provisions for the support of a child are terminated by

emancipation of the child, except as otherwise provided herein, but not by the death of a parent obligated to support or educate the child. An existing obligation to pay for support or educational expenses, or both, is not terminated by the death of a parent." 750 ILCS 5/510(d) (West 1996).

According to this section, emancipation of a child terminates support obligations, except as provided in other sections of the Act. Section 513(a)(2) of the Act is an exception to support obligations for education expenses regarding a child who is emancipated only in the respect that he is no longer a minor. Consequently, support obligations for education expenses terminate upon the emancipation of a child, other than by age, "[u]nless otherwise agreed in writing or expressly provided in a judgment." 750 ILCS 5/510(d) (West 1996). Here, the parties did not agree nor did the 1993 order provide that Jerry's obligation to pay $300 per month for Theresa's educational expenses would survive if Theresa were to marry.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.