*In re* MARRIAGE OF SUSAN LYNN BAUMGARTNER, Petitioner-Appellant, and CRAIG BAUMGARTNER, Respondent-Appellee.

First District (1st Division)    No. 1—08—2820

Opinion filed July 20, 2009.

WOLFSON, J., dissenting.

Richard B. Kirk, of McGreevy Williams, P.C., of Rockford, for appellant.

Julie L. Campbell, of Glenview, for appellee.

JUSTICE HALL delivered the opinion of the court:

The petitioner, Susan Lynn Baumgartner (Susan), appeals from an order of the circuit court of Cook County terminating the obligation of the respondent, Craig Baumgartner (Craig), to contribute to the educational expenses of the parties' 20-year-old son, Maxwell Taylor Baumgartner (Max). For the reasons explained below, we reverse the court's order.

The marriage of Susan and Craig was dissolved in 1998. The parties had one child, Maxwell Taylor Baumgartner (Max), who was 10 years of age at the time of the dissolution. The judgment for dissolution of marriage provided in pertinent part as follows:

> "2.16 CRAIG and SUSAN shall be responsible for post high school educational expenses for their child as provided by the applicable section of the Illinois Marriage and Dissolution of Marriage Act in force when Max is ready to incur these expenses. CRAIG shall continue to maintain the Florida Pre-Paid tuition and dorm college account with combined deposits currently valued at $4000.00. The Parties' obligation for college expenses will be reduced by the value of this account when Max begins his post high school education.
>
> 2.17 The Parties' obligation in this regard shall only be conditioned upon the ability to pay these expenses when incurred, and the child's desire and ability to further his education."

On January 11, 2008, Craig filed a motion to amend the judgment for dissolution of marriage. Craig alleged that Max had graduated from high school and was now 20 years of age. On information and

belief, Craig further alleged that Max had attended one or two semesters at Oakton Community College, but that neither Max nor Susan had informed him of that fact or requested a contribution toward the payment of those educational expenses.

Craig then alleged that, as of January 11, 2008, Max was incarcerated in the Illinois Department of Corrections. His projected release date was April 9, 2009, and his release from parole was April 9, 2010.

Craig then alleged that as the result of his conviction, Max will be required to register as a sex offender and will be prohibited from being in the vicinity of any public park or public or private school. On information and belief, he alleged that Max graduated at the bottom of his high school class and received failing or poor marks while enrolled in the community college. Craig maintained that, since the judgment for dissolution of marriage conditioned the payment of educational expenses on Max's desire and ability to further his education, his poor academic performance and his incarceration made it unlikely that Max would pursue any form of higher education prior to his twenty-third birthday.

In her response to Craig's motion to amend the judgment, Susan specifically denied Craig's allegations as to Max's academic performance in high school and the community college. She further denied Craig's allegation that Max was unlikely to continue his education past age 23.

On April 25, 2008, the circuit court heard argument on Craig's motion. The court found that "the child's incarceration is a full emancipation of that child; and therefore any future obligation on the part of Mr. Baumgartner to pay for college is abated as of this time."

Susan filed a motion for reconsideration. Following the denial of her motion, Susan filed this appeal.

## ANALYSIS

"What constitutes an emancipation is a question of law, but whether there has been an emancipation is a question of fact." *In re Marriage of Walters*, 238 Ill. App. 3d 1086, 1092, 604 N.E.2d 432 (1992). In this case, the trial court terminated Craig's obligation to contribute to Max's educational expenses solely on the fact of Max's incarceration without considering whether Max's incarceration had the effect of emancipating him. Therefore, the sole issue on appeal is whether Illinois recognizes incarceration as a self-emancipating event.

### I. Standard of Review

Because there is no dispute as to the fact of Max's incarceration and the issue presented is one of law, we review this issue *de novo*. *In re Alaka W.*, 379 Ill. App. 3d 251, 884 N.E.2d 241 (2008).

## II. Discussion

Pursuant to section 513 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/513 (West 2008)), a court may require the parents of a child who has reached his or her majority to contribute to the child's educational expenses, provided the child is not otherwise emancipated. 750 ILCS 5/513(a)(2) (West 2008). The court may also terminate an award of educational expenses. In terminating an award of educational expenses, the court considers "all relevant factors that appear reasonable and necessary, including": (1) the financial resources of the parties; (2) the standard of living the child would have enjoyed had the marriage not been dissolved; (3) the child's financial resources; and (4) the child's academic performance. 750 ILCS 5/513(b) (West 2008).

Generally, a child becomes emancipated when he or she attains the age of majority. *In re Marriage of Donahoe*, 114 Ill. App. 3d 470, 475, 448 N.E.2d 1030 (1983). Other than age, Illinois recognizes entering into marriage or joining the armed forces as an act of self-emancipation. *Donahoe*, 114 Ill. App. 3d at 475. In *Walters*, the court held that section 513 does not specially allow awards of educational expenses where a child has been emancipated by an event other than age. *Walters*, 238 Ill. App. 3d at 1092. The court held that a father had no obligation to pay for the college expenses of his daughters if they became emancipated through marriage. *Walters*, 238 Ill. App. 3d at 1092. In *In re Marriage of Daniels*, 296 Ill. App. 3d 446, 695 N.E.2d 1376 (1998), the court relied on *Walters* to uphold the termination of a father's obligation to pay education expenses of his married daughter. *Daniels*, 296 Ill. App. 3d at 449.

In other jurisdictions, incarceration is considered along with marriage and military service as acts of self-emancipation. See *Gimlett v. Gimlett*, 95 Wash. 2d 699, 629 P.2d 450 (1981) (court included incarceration among the events such as marriage, military service or economic sufficiency terminating the child's economic independence, causing emancipation). In general, however, the courts have declined to find incarceration as an emancipating event under the facts of the individual cases. See *Edmonds v. Edmonds*, 2005—CA—0270—SCT, 935 So.2d 980 (Miss. 2006) (son's incarceration for life did not emancipate him as he was still receiving funds from his mother paid into his correctional facility account); *Garver v. Garver*, 981 P.2d 471 (Wyo. 1999) (son not emancipated where there was a likelihood he would be released or placed on probation); *Sutton v. Schwartz*, 860 S.W.2d 833 (Mo. App. 1993) (while lengthy incarceration could meet the test of emancipation, child's felony conviction did not result in a lengthy incarceration and did not terminate parental control).

The parties have not cited any authority establishing that Illinois considers incarceration, in addition to marriage and military service, an emancipating event. The one Illinois case touching on this issue, *In re Marriage of Van Winkle*, 107 Ill. App. 3d 73, 437 N.E.2d 358 (1982) (superceded by statute as stated in *In re Marriage of Hawking*, 240 Ill. App. 3d 419, 608 N.E.2d 327 (1992)), suggests the opposite is true.

In *Van Winkle*, the father petitioned to terminate his child support obligation solely on the basis that the parties' minor son had been adjudicated a delinquent and committed to the juvenile division of the Department of Corrections. Custody and guardianship of the son were transferred to the Department.

In upholding the denial of the termination petition, the reviewing court agreed with the trial court that as a matter of public policy, "the placement of a minor child with the Department of Corrections does not relieve the parents of their duty of support." *Van Winkle*, 107 Ill. App. 3d at 75. The case was remanded for the trial court to review the child support award in view of the child's decreased needs due to his incarceration. *Van Winkle*, 107 Ill. App. 3d at 75.

We find no authority to support the argument that Illinois would recognize incarceration as a self-emancipating event such as marriage or military service. Therefore, the trial court erred when it ordered the termination of Craig's obligation to contribute to Max's education expenses solely on the basis of Max's incarceration.

The judgment of the circuit court is reversed.

Reversed.

R.E. GORDON, P.J., concurs.

JUSTICE WOLFSON, dissenting:

Max is not a minor. Nor is he a delinquent. He is a 22-year-old adult. He was 20 when he was convicted of a felony and sentenced to three years in prison. The judgment order in this case provides that the obligation to pay Max's educational expenses is conditioned on "the child's desire and ability to further his education."

No evidence concerning Max's desire and ability to further his education was received by the trial court. In my view the record reflects Max abandoned any pursuit of a higher education when he pled guilty to two felonies involving sexual abuse of a child.

An adult's abandonment of education can be an emancipating event. See *In re Marriage of Alltop*, 203 Ill. App. 3d 606, 618 (1990). Section 513(a)(2) vests the trial court with discretion in matters concerning educational expenses incurred by a nonminor. 750 ILCS 5/513(a)(2) (West 2008). Here, the trial court exercised that discretion.

It is true no Illinois decision squarely holds conviction of a felony can or cannot deprive a nonminor of previously ordered educational expenses. Nor does the statute set out specific emancipating events. That did not stop the court from deciding a nonminor's marriage was a legally emancipating event in *In re Marriage of Daniels*, 296 Ill. App. 3d 446 (1998).

I believe the record and the judgment order in this case support the trial court's exercise of discretion. I would affirm.