## Eliza Hickman, Administratrix, etc., v. E. J. Eggmann, Administrator., etc.

1. GIFTS AND GRATUITIES—*Can Not Be Recovered Back.*—Where a parent contributed to the support of his son and daughter-in-law as a gratuity prompted by parental affection, and with no intention at the time it was bestowed to claim its repayment, he can not recover such contributions from the estate of his daughter-in-law after her decease.

2. FAMILY EXPENSES—*Chargeable on the Wife's Estate.*—Under Sec. 15, Ch. 68, R. S., in order to charge the expenses of the family and the education of the children upon the property of the wife, the money furnished must be for family expenses, and the person furnishing it for that purpose, a creditor within the meaning of the statute.

Memorandum.—Claim in probate. Error to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

## STATEMENT OF THE CASE.

A. R. Hickman was the father of Ernest Hickman, who was the husband of Annie Hickman. Ernest and his wife both died in the latter part of 1891, and at the March term, 1892, of the St. Clair County Court, A. R. Hickman presented for allowance the following claim against the estate of Annie Hickman, literally copied from the record: "Emil J. Eggmann, administrator, in account with A. R. Hickman, as follows: Rent paid to Louis Mengas, Jr., for residence occupied by deceased and her husband, Ernest Hickman, also deceased, from the 24th day of October, A. D. 1887, to the 24th day of December, 1891, at fourteen dollars ($14) per month, aggregating $700. For moneys advanced to Ernest Hickman and Annie Hickman, for the five years preceding their deaths, the sum of seventy dollars ($70) per month, which said funds (in addition to the amount of rent above named) was used by the said Ernest Hickman and the said Annie Hickman, or paid out by the said A. R. Hickman for their use, in and about the necessary family expenses of the said Ernest Hickman and the said Annie Hickman, such as clothing, food, fuel and doctor bills, and drug bills, aggregating $4,200."

This claim was sworn to by A. R. Hickman, March 7, 1892, and at the May term, 1892, of said court, $2,599 was allowed against said estate on said claim, and ordered to be paid in due course of administration. From this order the administrator appealed to said Circuit Court, and at the January term, A. D. 1893, a jury was waived, the cause was tried by the court, the issue was found for defendant, and judgment was entered on the finding against plaintiff for costs, and plaintiff sued out this writ of error to reverse the same.

BRIEF OF PLAINTIFF IN ERROR, COCKRELL & MOYERS, ATTORNEYS.

All the items of provisions, clothing, fuel, doctor bills and drug bills, come clearly within the provisions of section 15 of

the statute. Von Platen v. Krueger, 11 Brad. 627; Walcott v. Hoffman, 30 Ill. App. 77; Glaubensklee v. Low, 29 Ill. App. 408; Illingworth v. Burley, 33 Ill. App. 394; Hayden v. Rogers, 22 Ill. App. 557; Davis v. Ritchey, 55 Iowa 719.

The only criterion which the statute furnishes is : Was the expenditure a family expenditure; was it incurred for, on account of, and to be used in the family? Smedley v. Felt, 41 Iowa 588; Fitzgerald v. McCarty, 55 Iowa 702; Van-Platen v. Krueger, 11 Brad. 627.

BRIEF OF DEFENDANT IN ERROR, M. MILLARD, ATTORNEY.

This claim is based upon the statutory liability imposed by the act in relation to husband and wife, and the evidence must be confined to that. Schlesinger v. Keifer, 30 Ill. App 253.

The courts of Iowa, where the law originated, and our own courts, have found some difficulty in defining its scope, owing to the elasticity of the words " expenses of the family," but it is pretty well settled now that the right to recover is only given to those who deal directly with the family or some of its members, and furnish something which may be used by it and regarded as a household expense; thus, a physician's bill is a family expense (Walcott v. Hoffman, 30 Ill. App. 77), but a lawyer's is not. Fitzgerald v. McCarthy, 55 Iowa, 702.

Nor is a light farm wagon, though used by the family in going to church. Dunn v. Pickard Brothers, 24 Ill. App. 423.

And the Supreme Court of Iowa holds, in a well considered case, that borrowed money, notwithstanding it is used in procuring family supplies, is not a family expense. Davis v. Richey, 55 Iowa, 719.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

There were no propositions of law presented in the trial court, hence the judgment of that court, if warranted by the evidence, ought not to be reversed. The right to recover the amount of said claim or any part thereof from the estate of

Annie Hickman, deceased, is based entirely upon the provisions of Sec. 15, Chap. 68, Rev. Stat., which reads as follows : " The expenses of the family and the education of the children shall be chargeable upon the property of both husband and wife, or either of them, in favor of creditors therefor, and in relation thereto they may be sued separately or jointly." The evidence shows that Ernest Hickman was a young man of dissipated habits, who spent money recklessly outside of any that was used in paying expenses of the family; that he worked but little and had no property; that his father, A. R. Hickman, supplied him liberally with money, part of which was squandered as above indicated, and part, it is fair to infer, went to pay the family expenses of the son and his wife. Most, but not all of the rent of the house the son and his wife occupied, was paid by the father.

There was no account kept by the father of the items of expenditure, so far as anything is shown by the evidence, and the claim itself, consisting as it does of aggregates, and prepared by the claimant, justifies the inference that no such account ever had been kept by A. R. Hickman. This fact, and his declarations, together with the other evidence, shedding light upon and giving character to the acts of the father in furnishing money to the son, leads us to the conclusion, doubtless reached by the trial court, that the contribution to the support of Ernest and his wife was a gratuity prompted by parental affection, and with no intention at the time it was bestowed to claim its repayment. Under the clause of the statute we have quoted, two facts must be established by the proof to render the estate of Annie Hickman liable. First, the money furnished must be for family expenses; second, that A. R. Hickman furnished money for that purpose, and was a creditor within the meaning of the statute. The second fact, as we understand the evidence, was not proven. He was not a creditor. The judgment was informal, but we will obviate the difficulty by affirming it, and making the order that the costs be paid by plaintiff in error in due course of administration.