In re Estate of Margaret Sheehan.
Catherine McManmon, Appellee, v. Margaret Sheehan, Appellant.

Gen. No. 39,227.

Opinion filed June 8, 1937.   Rehearing denied June 23, 1937.

FRANCIS E. CROARKIN, of Chicago, for appellant; ED-WARD McTIERNAN, of Chicago, of counsel.

McDONALD & TAYLOR, of Chicago, for appellee; JOHN E. TAYLOR and EMMETT M. McDONALD, of counsel.

Mr. Presiding Justice John J. Sullivan delivered the opinion of the court.

A claim for $1,907 was filed in the probate court December 3, 1934, by Catherine McManmon, guardian of the estate of Mary Ellen McManmon, a minor, against the estate of Margaret Sheehan, insane. The claim was allowed by the probate court to the extent of $935.50 and upon appeal to the circuit court judgment was entered there allowing the claim in the same amount. This appeal followed.

This cause was heard upon a stipulation of facts. Briefly stated they are that on September 21, 1917, Nellie Carlin, as conservatrix of Margaret Sheehan, insane, and by order of the probate court, executed a promissory note for $1,000, secured by a trust deed on her ward's real estate; that this note matured September 26, 1920, and June 14, 1921, $500 was paid to Hanna Koberg, the then owner of the note; that shortly thereafter the note was purchased by Anthony J. Schmidt, as guardian of Mary Ellen McManmon, a minor; that Schmidt was convicted of embezzlement and committed to the state penitentiary; that September 12, 1934, Catherine McManmon, as successor guardian of the minor, reclaimed the note by order of the U. S. District Court, from the trustee of Schmidt's bankrupt estate; and that December 3, 1934, she filed a claim in the probate court for the amount due on the note with the accrued interest thereon against the estate of Margaret Sheehan, the original obligor on said note, which estate was and is still pending in the probate court.

Margaret Sheehan, who personally defended against the claim involved herein after her restoration to reason, contends that the statute of limitations ran against the holders of the note from June 14, 1921, when the $500 payment was made on it; that more than 10 years having elapsed from the time the cause of ac-

tion accrued until the claim was filed, recovery by the guardian is barred by the limitation of the statute because the guardian was not under a disability; and that when the guardian is barred the minor is also barred. Claimant's theory is that the claim accrued not to the guardian but to the minor, who is not barred from asserting it by the general limitation contained in the statute of limitations.

Therefore, the real and only question presented for our determination is whether, because the minor had a probate guardian during the statutory period, the statute of limitations bars recovery on a promissory note which she owns, and which was executed by the conservatrix of an insane person. Both estates are still pending in the probate court and no third party's interests are affected.

Actions on promissory notes or other evidences of indebtedness in writing are barred if not brought "within 10 years next after the cause of action accrued," or within 10 years after "any payment or new promise to pay shall have been made in writing." (Ch. 83, par. 17, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 107.276.)

Par. 22, ch. 83, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 107.281, which was enacted for the benefit of those suffering from the disabilities enumerated therein, is as follows:

"If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed."

The minor's situation in this case comes squarely within the class of disabilities thus expressly excepted from the operation of the general limitation. Although, under the statute, the minor had two years

after the removal of her disability within which to file her claim on the note, her mother, as successor guardian, did not await the removal of such disability but filed the claim during her ward's minority and shortly after she succeeded in reclaiming said note from the bankrupt estate of her predecessor guardian. Her action in so doing we deem proper, because under a reasonable interpretation of the statute the minor in the instant case had the entire period of her minority and two years thereafter within which to file her claim. (*Carlson v. Jackson*, 52 App. D. C. 51, 281 Fed. 411.)

It is the public policy of this State that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing his or her rights unless clearly debarred from so doing by some statute or constitutional provision. (*Walgreen Co. v. Industrial Commission*, 323 Ill. 194.) Not only is there no statutory or constitutional prohibition in this State against the minor's claim in the case at bar, as and when asserted, but it has express statutory sanction, as heretofore shown, and surely the minor should not be deprived of her rights by the laches or neglect of a recreant guardian. In *Muller v. Benner*, 69 Ill. 108, cited by appellant, it is stated in the language of par. 17, ch. 64, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 57.17, on ''Guardian and Ward'' that the guardian has authority ''to demand and sue in his own name, as guardian for all personal property and demands due the ward.'' The guardian has such authority and it is his duty to ''demand and sue'' in behalf of his ward, but it does not follow as a matter of law that if an unfaithful or heedless guardian does not prosecute his ward's demand within the general limitation period prescribed in the statute that the minor is thereby deprived of his or her statutory rights.

In view of the saving clause as to minors in our limitation statute, we are of the opinion that the rule in

this State is that enunciated in Corpus Juris, vol. 37, p. 1020, wherein it is said:

"In some jurisdictions the rule is laid down that the statute of limitations begins to run against an infant when the cause of action accrues, the only effect of this disability being to give him, if the full limitation has run before he reaches his majority, a designated period thereafter within which he may sue, but not forbidding him to sue during his minority."

In Illinois a guardian is not vested with the title to a minor's estate, but is merely charged with its care and management. The title to the note in question was never in the guardian but remained at all times in the minor.

Appellant's position is untenable because, while the statute authorized and made it the duty of the guardian to prosecute personal actions "as guardian" in behalf of the ward, the cause of action itself "for all personal property and demands due the ward" accrued to the minor. The note involved here unquestionably belonged to the minor and it necessarily follows that the cause of action resulting from its nonpayment accrued to such minor as the owner thereof. The appellant does not claim that the guardians in the instant case were the owners of the note but characterizes them as the holders of same. They were holders only in the sense that it was in their custody. How then can it be seriously urged that the statute of limitations ran against either of the guardians at all, in so far as the note was concerned, since the title to the note was in the ward and no cause of action thereon could possibly have accrued to such guardians? The statute of limitations began to run against the infant and not against the guardian when the infant's cause of action accrued in the instant case and the effect of her disability under the saving clause in our statute was to give her, since the full limitation had run before she reached her

majority, the entire period of her minority and two years thereafter within which to assert her claim.

It is unnecessary to further discuss the rule urged as applicable here that a minor is barred by limitations when his legal representative is barred, except to state that we have carefully examined all the authorities cited and find that this rule is applicable only where the legal title to the *res* is in the legal representative or trustee.

In so far as we have been able to ascertain, the question under consideration has never been presented to nor determined by a court of review of this State. This is true probably because it has been generally recognized that the specific exception in the statute as to minors preserves their rights for a period of two years after the removal of their disability.

This is not a case of a doubtful claim. Here we have two parties, each of them under a disability. Both the guardian of the one and the conservatrix of the other are officers of the same court. The court itself, not the guardian nor the conservatrix, is the protector of the minor and the feeble-minded or insane person. The estate of the latter through its conservatrix and under order of the court borrowed the money and admittedly owes it to the former. The trial court properly held that under the agreed facts and the express provisions of the statute, the defense of the statute of limitations would not lie to defeat the minor's honest and unpaid claim. The judgment of the circuit court should be and is affirmed.

*Affirmed.*

FRIEND and SCANLAN, JJ., concur.