In the Matter of the Estate of Deidra Hardaway, a Minor.
Mary Oppenheim, Guardian of the Estate of Deidra Hardaway, a Minor, Petitioner-Appellee, v. Gloria Harris, Respondent-Appellant.

Gen. No. 47,928.

First District, Third Division.

May 11, 1960.

Alex Meyerovitz, of Chicago, for appellant.

Korshak and Rothman, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

This is an appeal from a summary judgment entered in the Circuit Court on a trial de novo pursuant to an appeal from a judgment of the Probate Court of Cook County.

William Hardaway, killed on August 17, 1957, in the course of his employment as a car hiker for the Metropolitan Parking Station, Inc., left him surviving two daughters, Gloria Harris, appellant, aged twenty, and Deidra Hardaway, aged twelve. Each of these daughters had a different mother, both of whom were divorced from Hardaway and were granted custody of the respective daughters. A dispute having arisen with respect to the compensation to be paid for the accidental death of Hardaway, application for adjustment of claim was filed on October 2, 1957, with the Industrial Commission of Illinois on behalf of the daughters; decedent's employer was named as respond-

ent. The arbitrator appointed by the Commission to hear the case rendered his decision, in conformity with the Workmen's Compensation Act (Ill. Rev. Stat. 1959, ch. 48 § 138.7), in which he recommended an award in the aggregate sum of $11,250 to the minor child, Deidra Hardaway, the only survivor whom Hardaway had a legal obligation to support; the decision further provided that "Mary Oppenheim, her [Deidra Hardaway's] duly appointed guardian, is entitled to have and receive from said respondent the sum of $40.00 per week for a period of 281 weeks and one week at $10.00, said payments of compensation to be used solely for the care, education and support of said minor. . . ." On April 2, 1958, the decision of the arbitrator was adopted as the decision of the Industrial Commission, and no appeal was ever taken from it.

On April 24, 1958, Alex Meyerovitz, who represented Gloria Harris and who had probated Hardaway's estate, filed a petition in the Probate Court alleging that a written agreement had been made between the interested parties to divide the award, 62 per cent to Deidra Hardaway and 38 per cent to Gloria Harris. Also on April 24, 1958, the judge of the Probate Court approved the amount of the award and ordered that that sum, less the allowance for attorneys' fees and other expenses, be divided between Deidra Hardaway and Gloria Harris on a 62–38 per cent basis, respectively. Subsequently that order was set aside by Judge Seidel of the Probate Court, on the petition of attorneys for Deidra's guardian.

On behalf of Gloria Harris, Alex Meyerovitz brought the case to the Circuit Court. Deidra Hardaway's guardian presented a motion praying that a summary judgment be entered dismissing the appeal from the Probate Court. In opposition to the guardian's motion Alex Meyerovitz filed his counteraffidavit in which

495

he urged on behalf of his client that "dependency need not be a legal obligation to support; that Gloria's husband, most of the time, was not employed and otherwise supported her frugally; that therefore, she obtained weekly funds and was otherwise dependent upon her father."

On the motion for summary judgment and affidavit in support thereof, a legal question was presented—whether a part of the Industrial Commission award should be taken from the minor and given to Gloria Harris by reason of a written agreement signed by the minor's mother, by Mary Oppenheim (prior to her appointment as guardian), and by Gloria Harris. The Workmen's Compensation Act provides for payment of compensation if the injured employee leaves a widow, child, or children whom he was under legal obligation to support at the time of the accident. Dependency, as the term is used in the statute, implies a present existing relation between two persons where one is sustained by the other or looks to or relies on the aid of the other for support or for reasonable necessaries consistent with the dependent's position in life. Weil-Kalter Mfg. Co. v. Industrial Commission, 376 Ill. 48, 32 N.E.2d 889. The decisive test is whether the contributions were relied upon by the applicant for his means of living, judging by his position in life, and whether he was to a substantial degree supported by the employee at the time of the latter's death. Bauer & Black v. Industrial Commission, 322 Ill. 165, 152 N. E. 590. In the Weil-Kalter Manufacturing case the court said (pp. 57–58) that it "does not interfere with the finding of the commission on fact questions as to the existence and extent of dependency, if there is evidence to sustain the finding." Since Gloria Harris was twenty years old and married at the time of her father's death there is implicit in the finding of the Commission making the entire award

496

to Deidra Hardaway that Gloria Harris was not a dependent of the deceased. Moreover, Gloria Harris' marriage emancipated her and relieved her father of all obligation to support her. People v. Ham, 206 Ill. App. 543; Vanatta v. Carr, 229 Ill. 47, 82 N. E. 267. In Iroquois Iron Co. v. Industrial Commission, 294 Ill. 106, 128 N. E. 289, it was held that where a minor child is emancipated at the time of the parent's accident so that the legal obligation to support is terminated, the child is not entitled to compensation.

 · As further ground for affirmance of the Circuit Court order it is urged that the estate of the minor is not bound by her mother's and Mrs. Oppenheim's unauthorized agreement to give away 38 per cent of the award. The guardian of an estate is not vested with title to a minor's estate; rather, he is charged with its care and management. In re Estate of Sheehan, 290 Ill. App. 551, 9 N.E.2d 63. In Nonnast v. Northern Trust Co., 374 Ill. 248, 29 N.E.2d 251, the court said (p. 261):

> Conservators, executors, administrators and guardians serve in the same fiduciary capacity as trustees. If they pay out money without having claims filed in the estate of the ward or the decedent, a conservator, guardian, administrator, or executor, upon objection being filed to his final report, has the burden to make as complete and satisfactory proof as would have been required had the creditor who received payment, filed his claim, made proof and obtained an order of court for payment of the claim.

In In re Estate of Fanny Toman, 110 Ill. App. 135, it was held that a guardian of a minor is a trustee of the minor's property for his benefit and is chargeable as such; he must be held to have dealt with the property for the benefit of the minor.

The summary judgment entered in the Circuit Court should be, and it is, therefore, affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.