Michael MILLSAP, a Minor by David MILLSAP, his father and next friend, and David Millsap, Individually, and Julie Millsap, Individually, Plaintiffs,

v.

JANE LAMB MEMORIAL HOSPITAL; Thomas K. Knoke; John Dixon and Medical Associates of Clinton, Iowa, Defendants.

Civ. No. 83–49–D–2.

United States District Court, S.D. Iowa, C.D.

Aug. 15, 1986.

Michael Shinkle, Davenport, Iowa, (Local Counsel), Daniel J. Pierce, Chicago, Ill., for plaintiffs.

Robert V.P. Waterman, Constance Schriver, Davenport, Iowa, for Dixon, Knoke & Medical Associates.

David Hammer, Dubuque, Iowa, for Hosp.

## RULINGS ON MOTIONS AND ORDER TO DISMISS DEFENDANT DIXON

VIETOR, Chief Judge.

The court has before it for rulings defendant Dixon's motion for summary judgment and plaintiffs' motion for voluntary dismissal of their action as to defendant Dixon without prejudice.

Plaintiffs are a minor, by his father and next friend, and his parents individually. They filed this suit in April of 1983 against defendants Jane Lamb Memorial Hospital, Dr. Thomas K. Knoke, Dr. John Dixon, and Medical Associates of Clinton, Iowa, a partnership of the defendant doctors, alleging medical malpractice in respect to the April, 1981 birth of the minor plaintiff, Michael Millsap. Federal jurisdiction rests on diversity of citizenship.

Defendant Dixon's motion for summary judgment is based on the deposition testimony of plaintiffs' two expert medical witnesses that they have no criticism of his medical care of Michael Millsap. The plaintiffs do not dispute that neither of the expert witnesses are critical of Dixon.

Plaintiffs also state in their response to Dixon's motion that "they do not anticipate that a third expert, Dr. Kretzschmar, will be sufficiently critical of Dixon." In effect, plaintiffs concede that they have no defense to Dixon's motion for summary judgment. They assert, however, that the interests of justice will be best served if the court, instead of granting the motion for summary judgment, grants their motion for voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

 It is clear that in a medical malpractice suit the plaintiff must present evidence establishing the applicable standard of care, a violation of the standard of care, and a causal relationship between the violation and harm complained of. *Daboll v. Hoden*, 222 N.W.2d 727, 734 (Iowa 1974). "Evidence of the requisite skill and care exercised by a physician must be given by experts, unless the physician's lack of care is so obvious as to be within the comprehension of the layman's common knowledge or experience or the physician injures a part of the body not under treatment." *Sinkey v. Surgical Associates*, 186 N.W.2d 658, 660 (Iowa 1971). Here, it is undisputed that plaintiffs are unable to present the expert evidence necessary to establish a prima facie case of medical malpractice against defendant Dixon. Consequently, unless plaintiffs' motion for voluntary dismissal without prejudice is granted, defendant Dixon's motion for summary judgment must be granted.

Plaintiffs' motion for voluntary dismissal without prejudice is based upon their interpretation of Iowa Code § 614.8 (1985), under which a minor has until one year after reaching his majority to bring suit.[1] Plaintiffs argue that "Iowa affords infants the entire period of their minority to investigate, research and identify medical experts willing to support a claim of negligence if one exists" and that "entry of summary

judgment in this instance would completely deprive Michael Millsap of this protection."

Plaintiffs' argument does not withstand analysis. The purpose of the extension of statutes of limitations for minors is not to afford a minor greater time to investigate the factual issues or search for an expert willing to testify in his favor. Rather, the purpose is to protect the minor's rights from the "laches or neglect of a recreant guardian" who fails to assert the minor's claim within the regular period of limitations. *In re Sheehan's Estate*, 290 Ill.App. 551, 9 N.E.2d 63, 65 (1937); *cf. Sax v. Votteler*, 648 S.W.2d 661, 666–67 (Tex. 1983). This is not a case where the minor's rights were neglected by his guardian; instead, it is one where the the the guardian has vigorously prosecuted the minor's claim by bringing this action, thus fulfilling the minor's right to have his claim timely brought to court.

 It is the court's view that this matter must be addressed the same as if plaintiff Michael Millsap were an adult who brought suit and then, before running of the regular statute of limitations, moved to dismiss without prejudice under Fed.R. Civ.P. 41(a)(2) when confronted with a motion for summary judgment that he could not defeat.

 A motion to dismiss without prejudice under Rule 41(a)(2) is addressed to the sound discretion of the trial court. *United States v. Gunc*, 435 F.2d 465, 467 (8th Cir.1970). In determining whether to grant the motion, the primary consideration is whether dismissal would prejudice the defendant; if so, the motion should be denied. *Schwarz v. Follader*, 767 F.2d 125, 129 (5th Cir.1985); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165, 169 (1971).

 In this case, the events that are the subject of the suit occurred over five years ago and the suit has been pending for more

---

1. "The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they shall have one year from

and after the termination of such disability within which to commence said action." Iowa Code § 614.8 (1985).

than three years. Defendant Dixon filed his answer in July of 1983. All discovery and identification of experts has been completed. The case is scheduled for trial to a jury next month. Defendant Dixon's motion for summary judgment is submitted and the court is prepared to sustain it for the reasons set forth above. Plaintiffs make no showing whatsoever that they probably would at some time in the future find credible expert opinion evidence to support their claims against defendant Dixon. It is speculative that they ever would find such evidence. Under these circumstances, I believe that it would be an abuse of discretion to deny defendant Dixon a final favorable judgment on his summary judgment motion by dismissing plaintiff's complaint without prejudice. *See Williams v. Ford Motor Credit Company,* 627 F.2d 158, 159–60 (8th Cir.1980) (trial court abused its discretion in granting plaintiff's motion to dismiss under Rule 41(a)(2) after jury trial had been completed with a verdict for plaintiff, and briefing had been completed on defendant's motion for judgment notwithstanding the verdict, which plaintiff feared the court would grant, and plaintiff did not indicate that any new evidence might be shown if another suit were brought); *Pace v. Southern Express Company,* 409 F.2d 331, 334 (7th Cir.1969) (length of pendency of case, considerable discovery, and the fact that a motion for summary judgment had been filed and briefed by defendant were factors justifying the trial court's denial of plaintiff's motion for voluntary dismissal under Rule 41(a)(2)).

Defendant Dixon would clearly be prejudiced by a dismissal without prejudice at this late stage of the litigation, especially because he is entitled to a final judgment of dismissal with prejudice on his summary judgment motion. *See Mills v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 703 F.2d 305, 308 (8th Cir.1983); *Williams v. Ford Motor Company,* supra.

█ Plaintiffs suggest that their absolute right to dismiss under Fed.R.Civ.P. 41(a)(1) was unfairly cut off by defendant Dixon filing his motion for summary judgment shortly after plaintiffs' counsel told Dixon's counsel that plaintiffs planned to voluntarily dismiss Dixon. Plaintiffs misread Rule 41(a)(1); they lost their right to dismiss without the court's consent under that rule when Dixon filed his answer in July of 1983. One may dismiss his action without consent of court only "before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed.R.Civ.P. 41(a)(1).

Plaintiffs' motion for voluntary dismissal without prejudice is denied. Defendant Dixon's motion for summary judgment is granted and IT IS ORDERED that plaintiffs' action against defendant Dixon be dismissed with prejudice.