**Maria M. MARTINEZ CRUZ, et al., Plaintiffs,**

v.

**Miguel D. LAUSELL, et al., Defendants.**

**Civ. No. 85–0956(PG).**

United States District Court, D. Puerto Rico.

Aug. 24, 1988.

José Ramón Pérez Hernández, Old San Juan, P.R., for plaintiffs.

José J. Santiago, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The matter is before the Court on various motions.

On October 1, 1986, the Court issued an Opinion and Order granting partially defendants Lausell, Navarro and Ramos' motion for summary judgment dismissing plaintiffs' claim for money damages against the appearing defendants.

On January 5, 1988, co-defendant Puerto Rico Telephone Company ("PRTC") filed a motion for stay of proceedings pending adjudication by the First Circuit Court of Appeals in the case of *Bessie A. Kauffman v. PRTC,* 674 F.Supp. 952 (D.Puerto Rico 1987). This motion has not been ruled upon.

On February 3, 1988, the First Circuit issued its opinion in *Kauffman* affirming the District Court's order dismissing plaintiff's complaint. *Kauffman v. Puerto Rico Telephone Co.,* 841 F.2d 1169 (1st Cir.1988).

On February 24, 1988, appearing defendants filed a "Motion for Partial Reconsideration of Opinion and Order under Rule 60(b)(6)" requesting the granting of their summary judgment motion as to all claims presented by plaintiffs in this case pursuant to the *Kauffman* decision. Plaintiffs did not oppose this motion. The Court has not yet ruled upon the same.

On March 28, 1988, plaintiffs filed a motion for voluntary dismissal under Rule 41(a)(2). On April 4, 1988, an order was entered granting the same. Co-defendant PRTC filed its opposition to plaintiffs' motion for voluntary dismissal on April 5, 1988.

Appearing defendants filed on April 7, 1988, a "Motion for Partial Reconsideration of the Court's Order Granting Voluntary Dismissal Without Prejudice." As of today, no opposition has been filed by plaintiffs.

Appearing defendants request the Court to reconsider the order granting voluntary dismissal without prejudice and to order the voluntary dismissal but with prejudice.

The Order of April 4, 1988, granting plaintiffs' motion for voluntary dismissal was prematurely entered. Defendants were not given an adequate opportunity to be heard on plaintiffs' motion to dismiss. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46 (1st Cir.1981).

■ Appearing defendants claim that they will suffer clear legal prejudice if the case is dismissed without prejudice.

Dismissal on a motion under Fed.R.Civ.P. 41(a)(2) is within the discretionary power of the Court. *Williams v. Ford Motor Credit Co.,* 627 F.2d 158 (8th Cir.1980); *Ferguson v. Eakle,* 492 F.2d 26, 28 (3rd Cir.1974); *Miller v. Trans World Airlines, Inc.,* 103 F.R.D. 20 (E.D.Pa.1984).

> [D]ismissal should be allowed unless the defendant will suffer some plain legal prejudice other than a mere prospect of a second law suit.... It is the prejudice to the defendant ... that is to be considered in passing on a motion for dismissal.... In exercising its discretion, the court will consider the expense and inconvenience to the defendant and will deny the motion if defendant will be seriously prejudiced by a dismissal.

Wright & Miller, *Federal Practice and Procedure:* Civil § 2364 at 165, 169 and 171.

The complaint in this case was filed on May 7, 1985. An amended complaint was filed on August 18, 1985. Appearing defendants filed a motion for summary judgment on December 30, 1985. Oppositions, replies and responses were filed by the parties. Discovery has been conducted on both sides and completed. By Opinion and

Order of October 1, 1986, the Court partially granted defendants' motion for summary judgment dismissing plaintiffs' claim for money damages against appearing defendants. Partial judgment was entered on October 23, 1986.

Various factors move the Court to refuse to grant plaintiffs' request for voluntary dismissal without prejudice. The case has been pending for almost three years and extensive discovery has been undertaken at substantial cost to the defendants. *Pace v. Southern Express Company*, 409 F.2d 331 (7th Cir.1969). The motion for voluntary dismissal was made after the defendants had moved for summary judgment, *Millsap by Millsap v. Jane Lamb Memorial Hospital*, 111 F.R.D. 481 (S.D.Iowa 1986), and after the case was ready for final disposition by summary judgment. *Local 2677, American Federation of Government Employees v. Phillips*, 358 F.Supp. 60 (D.D.C.1973). The explanation given by plaintiffs for their need to take a dismissal is insufficient. *Pace v. Southern Express Co., supra*. They conclude that the recent rulings of the First Circuit in relation to the qualified immunity defense with respect to the damages claim had made it not advisable to continue with the case.

■ A plaintiff who "seeks damages for violation of constitutional or statutory rights may overcome [an] official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue." *Tubbesing v. Arnold*, 742 F.2d 401 (8th Cir.1984) (*quoting Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 3020–21, 82 L.Ed.2d 139 (1984)). In *Kauffman*, the First Circuit concluded that plaintiffs had no property rights in their jobs because they were hired in violation of PRTC's regulations. Therefore, plaintiffs cannot make such a showing for they had no property rights in their employment at the time of the conduct at issue. Plaintiffs seek to dismiss the instant case in order to present their claims and try the case in the state court. What plaintiffs are attempting is to deprive the defendants of a ruling on their motion for partial reconsideration of the opinion and

order in light of the First Circuit's Opinion in the *Kauffman* case. *Pace v. Southern Express Company, supra; see also Southern Maryland Agricultural Ass'n. of Prince George's County v. United States*, 16 F.R.D. 100 (D.Md.1954).

In light of the above, the Court has reconsidered its Order of April 4, 1988, granting voluntary dismissal and concludes that the same should be vacated.

■ The Court shall now consider appearing defendants' motion for partial reconsideration of our Opinion and Order of October 1, 1986, wherein defendants request the dismissal of all the claims pending in this case in light of the First Circuit decision in *Kauffman*.

In the Opinion and Order of October 1, 1986, we had concluded that there were genuine issues of material fact as to whether plaintiffs were hired without following PRTC's Personnel Regulations, and, thus, were illegally hired and for that reason they were discharged, or whether they were dismissed because they were members of the New Progressive Party ("NPP").

In relation to the due process claim, we stated:

> [w]hether the PRTC acted *ultra vires* by failing to abide by its own personnel regulations in the appointment of plaintiffs, with the consequence that plaintiffs failed to acquire a property interest in their employment protected by the due process clause, is an issue of material fact in controversy.

After the *Kauffman* decision, the above described material facts, which we had found to be in dispute in our previous opinion and order, are no longer in dispute.

The Court in *Kauffman* held that the District Court could reasonably derive the applicable Puerto Rico law as follows:

> the PRTC promulgated regulation 8.4 under order of the Puerto Rico Supreme Court to comply with policies underlying the Personnel Act; that court had, in turn, held that such a regulation furthers the purposes of that Act; the court has also held that acts contrary to laws and

regulations furthering the underlying values of the Personnel Act are void. Thus, to the extent that the plaintiffs were hired in violation of regulation 8.4, they obtained their career positions "on the basis of standards foreign to that category," and, therefore could not, upon termination, benefit from the "property status" of such positions. *Colón* at 940.[1]

The First Circuit, in *Kauffman*, determined that the District Court correctly concluded that "under Puerto Rico law any property right associated with a career position is rendered null and void if a violation of the Personnel Act attends the filing of such a position." 841 F.2d at 1173. The District Court found that plaintiffs were hired in violation of section 8.4 of PRTC's Personnel Regulations, and therefore, they could claim no property interest in their employment and were not entitled to pre-termination hearings. The First Circuit also concluded that despite the fact that plaintiffs were hired as career employees and worked under such status for some time, they did not develop a legitimate expectation of permanent employment that would not be rendered null and void through a mistake in the recruiting process. The Circuit Court further rejected plaintiffs' interpretation of PRTC's regulations which would condone the manner in which they were recruited or hired.

The case of *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), was found to be not applicable to the facts of the case at bar due to plaintiffs' lack of property interest in their employment.

In relation to plaintiffs' First Amendment claim, the Court of Appeals in *Kauffman* determined that under the standards set forth in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), plaintiffs failed to allege specific facts that would support their claim of political discrimination.

General and unsupported allegations such as: that the defendants were all members of the Popular Democratic Party ("PDP") and the plaintiffs members of the NPP; that the plaintiffs were dismissed almost immediately after the PDP members were appointed to manage PRTC; and that PDP employees similarly situated to the plaintiffs were not fired, were found to be insufficient to generate a genuine issue of material fact.

In our Opinion and Order of October 1, 1986, we pointed out that the only indication of possible political motivation shown by the plaintiffs were the allegations that the controlling party had recently changed at the time of their discharge, plaintiffs' own references to party affiliation and the general allegation that other employees who were members and affiliates of the PDP and who were recruited in the same manner as plaintiffs have been treated differently. Under the standards set forth in *Celotex* and *Anderson,* plaintiffs' general and unsupported allegations would be insufficient to generate a genuine issue of material fact.

However, plaintiffs filed on January 4, 1988, a motion submitting a sworn statement which allegedly contained additional information related to the political discrimination issue. Defendants filed a motion on January 29, 1988, to strike plaintiffs' sworn statement.

Defendants contend that plaintiffs failed to comply with the requirements contained in Rule 56(e) of the Federal Rules of Civil Procedure.

The sworn statements must indicate that the information contained therein is upon personal knowledge. Nowhere in the sworn statement is it alleged that the information contained therein is upon personal knowledge.

Paragraph two of the sworn statement contains hearsay information. Paragraph four consists of general allegations that do not raise a genuine issue for trial.

---

1. *Colón v. Mayor of Municipality of Ceiba,* 112 D.P.R. 740, 12 Puerto Rico Supreme Court Official Translations 934 (1982).

Plaintiffs state that "[b]efore and during the 1984 several hundred positions were covered at PRTC in the same manner as our positions and were not terminated as us." After more than sufficient time to discover specific information, such as the names of the several individuals who were illegally hired just like plaintiffs and who were not terminated, the plaintiffs have failed to provide the Court with information that would suggest that such an assertion had any factual support. *Kauffman,* 841 F.2d at 1172.

Paragraph six mentions some of the plaintiffs that were substituted in the employment by members of the PDP, all external candidates. Paragraph seven contains a list of thirty external candidates and members of the PDP who allegedly are performing the duties of seven plaintiffs.

Plaintiffs failed to mention whether external candidates members of the NPP competed with the candidates of the PDP to substitute the plaintiffs which were illegally hired. The allegation that the appointees are external candidates is too general and conclusory for no information is provided as to whether PRTC failed to follow its Personnel Regulations and the merit principle in their recruitment.

Under the *Celotex–Anderson* standard, plaintiffs have failed to generate the specific facts necessary to take the political discrimination claim out of the realm of speculative, general allegations. *Kauffman,* 841 F.2d at 1173 n. 5.

WHEREFORE, in view of the above, the Court hereby GRANTS defendants' motion for reconsideration of our Order of April 4, 1988, and VACATES the Order of April 4, 1988, granting plaintiffs' motion for voluntary dismissal without prejudice, and FURTHER GRANTS defendants' motion for partial reconsideration of our Opinion and Order of October 1, 1986, and ORDERS that summary judgment be entered dismissing all of the claims.

IT IS SO ORDERED.