PROCTOR HOSPITAL, Plaintiff and Counterdefendant-Appellee, v. WAYNE E. TAYLOR, Defendant and Counterplaintiff-Appellant (Bobbette R. Taylor, Defendant).

Third District    No. 3—95—0652

Opinion filed May 9, 1996.

Michael T. Mahoney (argued), of Chillicothe, for appellant.

Michael A. Hall (argued), and Michelle R. Mosby-Scott, both of Johnson, Bunce & Noble, of Peoria, for appellee.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Proctor Hospital (Proctor), filed a complaint under the Rights of Married Persons Act (Expense Statute) (750 ILCS 65/15 (West 1994)) against the defendant, Wayne Taylor, to recover the cost of services it rendered to Wayne's daughter, Erin Taylor. The trial court granted summary judgment against Wayne. On appeal, Wayne contends that the Expense Statute does not apply to divorced, noncustodial parents. In the alternative, Wayne argues that Erin's hospital bill is not a family expense because she was emancipated. He also claims that Proctor must pay his attorney fees and costs. We hold that divorced, noncustodial parents may be held liable for expenses incurred by their children under the Expense Statute. We also hold that expenses incurred by emancipated minors are not family expenses under the Expense Statute and that the question of whether Erin was emancipated was a genuine issue of material fact precluding summary judgment. Finally, we also hold that Proctor must pay Wayne's attorney fees and costs if Erin was emancipated at the time she was treated at Proctor. We thus reverse and remand for a determination of whether Erin was emancipated.

Wayne and Bobbette Taylor were divorced in Marshall County in 1991. Bobbette was awarded custody of the couple's 14-year-old daughter, Erin, and Wayne was ordered to pay child support. In 1994, Wayne filed a petition to terminate child support, alleging that Erin was emancipated because she had moved to Alabama with her fiancee. The circuit court of Marshall County granted the petition on an uncontested basis.

In July 1994, Bobbette took Erin to the hospital for treatment. Bobbette completed and signed an authorization form which indicated that she was Erin's guardian and that she agreed to pay for the services. Wayne neither authorized Erin's admission to the hospital nor agreed to pay for the hospital's services. When Bobbette failed to pay the bill, Proctor commenced the instant suit against both Wayne and Bobbette. Proctor's claim against Bobbette was based on the authorization form. Its claim against Wayne was based on the Expense Statute.

Prior to filing his answer, Wayne filed a motion to dismiss, arguing that the Expense Statute did not apply because Erin was emancipated. However, the trial court found that, regardless of the Marshall County order, Erin was not emancipated for purposes of the Expense Statute. The court thus denied Wayne's motion to dismiss, and Wayne filed an answer which raised Erin's emancipation as an affirmative defense.

Proctor then filed a motion for summary judgment. The trial court found that Wayne was liable for Erin's medical expenses under the Expense Statute, but that he was entitled to a hearing regarding the amount of Proctor's bill. The court thus entered summary judgment against Wayne on the issue of liability. After the hearing, the court entered judgment against Wayne for $10,500.

The first question on appeal is whether a creditor may hold a divorced, noncustodial parent liable under the Expense Statute for expenses incurred on behalf of his or her children.

■ The Expense Statute provides:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." 750 ILCS 65/ 15(a)(1) (West 1994).

There is a split in appellate authority as to whether this statute applies to divorced, noncustodial parents. In *In re Marriage of Van Winkle*, 107 Ill. App. 3d 73, 437 N.E.2d 358 (1982), we held that a divorced, custodial parent could not utilize the Expense Statute to hold her former spouse liable for expenses incurred on behalf of their child. However, in *Mercy Center For Health Care Services v. Lemke*, 199 Ill. App. 3d 958, 557 N.E.2d 943 (1990), the second district held that a divorced, noncustodial father was liable for his daughter's medical expenses under the Expense Statute. See also *Carle Clinic Ass'n v. Seten*, 176 Ill. App. 3d 590, 531 N.E.2d 127 (4th Dist. 1988) (holding that Illinois Marriage and Dissolution of Marriage Act does not preclude creditors from recovering payment from divorced, noncustodial parent for necessary expenses of child).

The *Lemke* court noted that the cases which have held that the Expense Statute does not apply to divorced, noncustodial parents reasoned that a creditor could only recover under the statute if there was a "family in fact." *In re Marriage of Van Winkle*, 107 Ill. App. 3d 73, 437 N.E.2d 358 (3d Dist. 1982); *Hess v. Slutsky*, 224 Ill. App. 419 (1st Dist. 1922); *Schlesinger v. Keifer*, 30 Ill. App. 253 (1st Dist. 1889). The *Lemke* court rejected this requirement.

We agree with the holding of *Lemke*. Divorce terminates the martial relationship, but it does not destroy the parent-child relationship. In addition, it is well settled that both parents have a continuing duty to support their children after dissolution of the marriage. *E.g., Kelley v. Kelley*, 317 Ill. 104, 147 N.E. 659 (1925). Thus, while divorce should terminate the liability of one spouse for expenses incurred by the other spouse, there is no reason to exempt noncustodial parents from liability for expenses incurred on behalf of their children.

Moreover, by making the husband and wife jointly liable for all family expenses, regardless of which spouse incurs the expense, the Expense Statute expanded the remedies available to creditors. *Arnold v. Keil*, 81 Ill. App. 237 (1899). Thus, we must assume that the purpose of this statute is to protect creditors. See *Hickman v. Eggmann*, 53 Ill. App. 561 (1894). In light of this intent, we find no reason to prevent creditors from imposing liability against noncustodial parents for expenses incurred on behalf of their children.

Wayne, however, urges us to reaffirm our holding in *In re Marriage of Van Winkle*, 107 Ill. App. 3d 73, 437 N.E.2d 358 (1982). In *Van Winkle*, the mother, who had been awarded custody of the child in a dissolution proceeding, brought suit under the Expense Statute against the father for reimbursement of the child's medical expenses. The court held that the Expense Statute did not apply to divorced, noncustodial parents, in part because it would effect an unauthorized retroactive modification of the child support provisions of the dissolution judgment. While we agree with this reasoning, *Van Winkle* does not control the outcome of the instant case.

In a dissolution proceeding, the dissolution judgment fixes the noncustodial parent's child support obligation, and this obligation cannot be retroactively modified. See 750 ILCS 5/510(a) (West 1994) (child support orders may be modified only as to installments accruing after the filing of a petition to modify). Unlike *Van Winkle*, the plaintiff in the case at bar is a creditor. Applying the Expense Statute to allow a creditor to recover against a noncustodial parent for expenses incurred on behalf of a child does not violate the prohibi-

tion against retroactive modification of child support.[1] Therefore, *Van Winkle* does not apply. Accordingly, we hold that creditors may impose liability under the Expense Statute on divorced, noncustodial parents for expenses incurred by their children.

The next issue is whether the trial court erred by entering summary judgment on the issue of Wayne's liability.

Summary judgment is properly granted only when the pleadings, depositions, admissions and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994). On appeal from the entry of summary judgment, the standard of review is *de novo*. *Andrews v. Cramer*, 256 Ill. App. 3d 766, 769, 629 N.E.2d 133, 135 (1993).

It is well settled that a child's medical expenses are family expenses under the Expense Statute. *Claxton v. Grose*, 226 Ill. App. 3d 829, 589 N.E.2d 954 (1992). However, once a child reaches the age of majority, the parents' responsibility to support the child ceases, and the parents may no longer be held liable for these expenses under the Expense Statute. *Pfeil v. Weerde*, 152 Ill. App. 3d 759, 504 N.E.2d 988 (1987); *Sapp v. Johnston*, 15 Ill. App. 3d 119, 303 N.E.2d 429 (1973). Similarly, the parents' responsibility to support the child ceases upon the child's emancipation. *In re Estate of Hardaway*, 26 Ill. App. 2d 493, 168 N.E.2d 796 (1960). Accordingly, we hold that an emancipated child's medical expenses are not family expenses for purposes of the Expense Statute.

Now, to determine whether summary judgment was proper, we must decide whether Erin was emancipated at the time she received the services from Proctor.

■ In Illinois, a minor may become emancipated in three different ways. First, the Emancipation of Mature Minors Act provides a statutory emancipation procedure. 750 ILCS 30/1 *et seq.* (West 1994). Second, *de facto* emancipation occurs when a minor reaches the age of majority, marries, or enters the armed forces. *In re Marriage of Donahoe*, 114 Ill. App. 3d 470, 448 N.E.2d 1030 (1983). Third, self-emancipation occurs when a child who is able to support herself voluntarily abandons her parents' home. *In re Marriage of Walters*, 238 Ill. App. 3d 1086, 604 N.E.2d 432 (1992).

■ Wayne claims that the Marshall County court found that Erin

---

[1]If the application of the Expense Statute to a noncustodial parent effects a substantial change in circumstances, that parent may petition the court for a modification of the dissolution judgment. 750 ILCS 5/510(a) (West 1994).

was emancipated when it ruled on his petition to terminate child support. He maintains that this determination is binding in the instant proceeding. We disagree.

Without holding an evidentiary hearing, the Marshall County court granted Wayne's petition to terminate child support based on his allegation that Erin no longer lived with Bobbette. The court accepted the allegations in Wayne's petition because Bobbette did not contest the petition. Since the Marshall County court did not make a formal finding of emancipation, its ruling applies only to the determination of Wayne's child support obligation. Accordingly, since Wayne raised the issue of emancipation in his pleadings in the instant case, there was a genuine issue of material fact as to whether Erin was emancipated at the time she was treated at Proctor, and summary judgment was improper. We thus reverse the trial court's grant of summary judgment and remand for a determination of whether Erin was emancipated at the time she received the services from Proctor.

The next issue is whether Proctor must pay Wayne's attorney fees and costs pursuant to the Expense Statute.

■ Section 15(a)(3) of the Expense Statute provides:

"Any creditor who maintains an action in violation of this subsection (a) for an expense other than a family expense against a spouse or former spouse other than the spouse or former spouse who incurred the expense, shall be liable to the other spouse or former spouse for his or her costs, expenses and attorney's fees incurred in defending the action." 750 ILCS 65/15(a)(3) (West 1994).

Since an emancipated child's medical expenses are not family expenses for purposes of the Expense Statute, Proctor is liable for Wayne's attorney fees if Erin was emancipated at the time she was treated by Proctor. Accordingly, this issue must be resolved on remand when the trial court addresses whether Erin was emancipated.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and remanded.

Reversed and remanded.

HOLDRIDGE, P.J., and McCUSKEY, J., concur.