**Juan A. SANTIAGO GONZALEZ, et al., Plaintiffs**

v.

**JOSE SANTIAGO, INC., et al., Defendants**

**Civil Action No. 00–1383(JP).**

United States District Court, D. Puerto Rico.

May 2, 2001.

---

Jane A. Becker–Whitaker, San Juan, PR, for Plaintiff.

Iván Domínguez Pérez, Hato Rey, PR, for Defendant José Santiago, Inc.

Mariana Negrón–Vargas, Pietrantoni, Méndez & Alvarez, San Juan, PR, for all other Defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION AND BACKGROUND

The Court has before it the Motion for Reconsideration of Judgment Dismissing

Action Without Prejudice (docket No. 101) and the Supplement to that motion (docket No. 102) filed by Co-defendants José Santiago González, María Ester Suardiaz, and the conjugal partnership constituted between them; Rafael Santiago González, Carmen Laura Santaella, and their conjugal partnership; Beatriz Santiago González, Salvador Díaz Canseco, and their conjugal partnership; and Ramón Santiago González, Sandra María Ramírez de Arellano, and their conjugal partnership ("the Santiago González Co-defendants") and Plaintiffs' Opposition thereto (docket No. 103).

Plaintiffs Juan Santiago González, Glorivee Martínez Rivera, and their conjugal partnership filed this action on March 24, 2000 asserting two claims under Section 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated by the Securities Exchange Commission, 17 C.F.R. § 240.10b–5. Plaintiffs brought supplementary claims under Puerto Rico law. The Court entered Judgment on December 15, 2000, dismissing the case without prejudice on Plaintiffs' motion for voluntary dismissal. The Santiago González Co-defendants move for reconsideration, requesting that the Court adjudicate its unopposed Motion for Summary Judgment (**docket No. 85**), which was filed prior to Plaintiffs' motion for voluntary dismissal, and to dismiss the action with prejudice. Co-defendants argue that Plaintiffs should not be allowed the benefit of a dismissal without prejudice when they failed to move for dismissal on or before the deadline established by the Court, and then failed to oppose the well-documented Motion for Summary Judgment. The Santiago González Co-defendants also move for costs and attorneys' fees.

By way of background, Plaintiffs, in their First Claim for Relief, asserted that Defendants violated the Exchange Act and Rule 10b–5 when the partners of Inmobiliaria, S.E., a holding company for real estate owned by José Santiago, Inc. ("the Corporation"), sold a piece of real estate to WesternBank in June 1997 for a sum alleged to be significantly less than its appraised value. Plaintiffs claimed that contemporaneous with the sale, Co-defendants José Santiago González and María Ester Suardiaz acquired 8,000 shares of WesternBank stock, and in September 1997 acquired an additional 1,200 shares of WesternBank stock in a side deal to compensate for the difference between the appraised value of the real estate and the sum for which it was sold. Plaintiffs' Second Claim for Relief sought an injunction to prevent an incipient violation of the Exchange Act based on allegations that Defendants were engaged in negotiations for the sale of the Corporation, but that Plaintiffs had been denied access to information regarding the sale. On August 4, 2000, this Court issued an Opinion and Order ruling upon a Motion to Dismiss filed by the Santiago González Co-defendants. The Court dismissed Plaintiffs' Second Claim for Relief, but denied Co-defendants' request for dismissal of the First Claim for Relief.

On August 24, 2000, the Court held an Initial Scheduling Conference in this case. At the ISC, the Court ordered the Santiago González Co-defendants, on or before September 7, 2000, to furnish Plaintiffs with documentation alleged to refute the allegations in the First Claim for Relief. The Court further ordered Plaintiffs to inform the Court, on or before September 21, 2000, whether they wished to voluntarily dismiss the First Claim for Relief. In the event Plaintiffs did not move for dismissal, the Court fixed a deadline of October 5, 2000 for Defendants to move for summary judgment. Plaintiffs did not move for dismissal on or before Septem-

ber 21, 2000, and the Santiago González Co-defendants filed a timely motion for summary judgment. Plaintiffs filed no opposition. Instead, on December 5, 2000, Plaintiffs moved to voluntarily dismiss the action without prejudice. The Court granted the motion, and entered judgment accordingly.

## II. MOTION FOR RECONSIDERATION

■ The Santiago González Co-defendants maintain that they have been prejudiced by the dismissal of the Complaint without prejudice. They point to the fact that their summary judgment motion was submitted prior to the filing of Plaintiffs' motion for voluntary dismissal, and that in view of the uncontested facts, Co-defendants would be entitled to a dismissal with prejudice. *See Mills v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 703 F.2d 305, 308 (8th Cir.1983); *Young & Rubicam, Inc. v. Ticket Holder Marketing, Inc.*, No. 86 C 7705, 1988 WL 28616, *2 (N.D.Ill. Mar.23, 1988). The Court has reviewed Co-defendants' motion for summary judgment and, as discussed below, it finds that they are entitled to a final judgment of dismissal with prejudice on that motion. Thus, Co-defendants would suffer prejudice from a dismissal without prejudice. *See Millsap v. Jane Lamb Memorial Hosp.*, 111 F.R.D. 481 (S.D.Iowa 1986) (legal prejudice occurs if the defendant is voluntarily dismissed when he is entitled to a final judgment of dismissal with prejudice on summary judgment motion). For this reason, the Court hereby GRANTS Co-defendants' motion for reconsideration. It now proceeds to discuss the merits of the summary judgment motion.

## III. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of sum-mary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 894 (1st Cir.1988). The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." *Vega–Rodríguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997) (citing *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992)). It allows courts and litigants to avoid going to trial in cases where the plaintiff cannot prevail, thus conserving the parties' time and money and saving scarce judicial resources. *See McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995).

To defeat a motion for summary judgment, "the nonmoving party must demonstrate the existence of a trial-worthy issue as to some material fact." *Cortés Irizarry v. Corporación Insular De Seguros*, 111 F.3d 184, 187 (1st Cir.1997); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993). A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989). A material issue is trial-worthy if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989). The non-movant may not

rest upon mere allegations or denials of the pleadings. *See* Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("[The nonmovant] must do more than simply show that there is some metaphysical doubt as to the material facts."). It is with this standard in mind that the Court proceeds to assess the motion before it.

## IV. STATEMENT OF UNCONTESTED FACTS

1. On November 12, 1996, José E. Santiago González ("Santiago") and his wife, María E. Suardiaz ("Suardiaz") purchased 4,000 shares of Western-Bank stock. In exchange, Santiago and Suardiaz paid PaineWebber a total of $75,904.50, in the form of a check for $56,000.00, the sale of a PaineWebber CashFund, and a small margin debit.

2. On February 20, 1997, Santiago and Suardiaz transferred 4,000 Western-Bank shares from PaineWebber to Santander Securities.

3. On March 3, 1997, WesternBank issued a fifteen percent (15%) dividend, combined with a two-for-one stock split, to its shareholders of record.

4. On March 7, 1997, Santiago and Suardiaz received 4,000 Western-Bank shares in the stock split, and 1,200 shares as a dividend.

5. On June 13, 1997, Santiago and Suardiaz sold 8,000 shares of WesternBank stock.

6. On September 8, 1997, Santiago and Suardiaz sold their remaining 1,200 WesternBank shares.

## V. DISCUSSION

 Section 10(b) of the Exchange Act and Rule 10b–5 prohibit any act, misstatement, or omission that would operate as a fraud in connection with the purchase or sale of a security. Section 10(b) provides that:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange

\* \* \* \* \* \*

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may prescribe.

15 U.S.C. § 78j. Rule 10b–5, adopted by the Securities and Exchange Commission (SEC) in 1942, contains a similar proscription. *See* 17 C.F.R. § 240.10b–5 (2001). The Act protects corporations as well as individuals who are sellers of a security. *See Superintendent of Ins. of N.Y. v. Bankers Life & Casualty Co.,* 404 U.S. 6, 10, 92 S.Ct. 165, 167–68, 30 L.Ed.2d 128 (1971). Private plaintiffs may sue under the express private right of action contained in the Act or they may sue under the private right of action the Supreme Court has found to be implied by the terms of section 10(b). *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 170–72, 114 S.Ct. 1439, 1445, 128 L.Ed.2d 119 (1994) (citing *Bankers Life,* 404 U.S. at 13 n. 9, 92 S.Ct. at 169).

 To prevail in an action brought under Rule 10b–5, "a plaintiff must prove, in

connection with the purchase or sale of a security, that the defendant, with scienter, falsely represented or omitted to disclose a material fact upon which the plaintiff justifiably relied." *Willco Kuwait (Trading) S.A.K. v. deSavary,* 843 F.2d 618, 623 (1st Cir.1988) (quoting *Kennedy v. Josephthal & Co., Inc.,* 814 F.2d 798, 804 (1st Cir. 1987)). Here, the uncontested facts demonstrate that no fraud occurred in the sale of a security. Although Plaintiffs allege a fraudulent scheme whereby shares of WesternBank stock were transferred to the accounts of Santiago and Suardiaz in partial payment for the undervalued sale of corporate real estate, the undisputed facts do not support these allegations. There is no genuine dispute that Santiago and Suardiaz purchased 4,000 shares of WesternBank stock on November 12, 1996 and that WesternBank issued a fifteen percent dividend combined with a two-for-one stock split on March 3, 1997, resulting in a deposit of 5,200 additional shares into the account of Santiago and Suardiaz on March 7, 1997. The uncontested facts reveal absolutely no false representations nor a failure to disclose a material fact in connection with either the purchase of the stocks, or with the issuance of the dividend and the stock split to all WesternBank shareholders of record. In view thereof, the entry of summary judgment in favor of the Santiago González Co-defendants is appropriate.

As a final matter, section 21D(c) of the Private Securities Litigation Reform Act of 1995 (PSLRA) requires the Court, at the conclusion of a private action arising under the Exchange Act, to make findings regarding the compliance of all parties with Rule 11(b) of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u–4(c)(1). The Court must impose sanctions if it determines that Rule 11(b) has been violated. *See id.,* § 78u–4(c)(2). The PSLRA contains a rebuttable presumption that the appropriate sanction for a complaint that substantially fails to comply with Rule 11(b) "is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action." *Id.,* § 78u–4(c)(3)(A)(ii). Here, the Court finds that Rule 11(b) has not been violated. Although the Court dismissed both claims brought under the Exchange Act, there is no evidence that Plaintiffs brought this action for an improper purpose, nor that they knew the allegations lacked evidentiary support at the time they filed the action. Accordingly, Co-defendants' request for attorneys' fees and costs is hereby **DENIED.**

## VI. CONCLUSION

In light of the foregoing discussion, the Court hereby GRANTS the Santiago González Co-defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**